HON. GEORGE MARTIN,
HON. NATHANIEL BACON,
HON. SANFORD M. GREEN, }Judges.
HON. SAMUEL T. DOUGLASS,
HON. E. H. C. WILLSON,

---

## John C. Miles *vs.* Henry N. Walker.

A written notice by the County Treasurer, of the place of sale of lands delin-
quent for taxes, posted in three public places in the town where the sale is to
be, about ten days before the time of sale, is insufficient, and renders the
sale void.

Case reserved from Genesee Circuit upon an argreed state-
ment of facts.

---

* At this term Hon. Abner Pratt, P. J., having announced his resignation
to take effect on the first day of June, 1857, Hon. George Martin was elected
Presiding Judge.

81

John C. Miles *vs.* Henry N. Walker.

This was an action of ejectment, for certain lands to which plaintiff claimed title, under a deed from the Auditor General, the land having been sold for delinquent taxes for the year 1853. The only question arising upon such title was, the sufficiency of the notice of sale.

By Section 70, Chapter 20, of Revised Statutes of 1846, page 113, the Auditor General is required to make out a statement of the lands in each county upon which the taxes remain unpaid, specifying the amount of taxes, interest and charges, which will be due on the first Monday of October then following.

Section 71 requires the Auditor General to cause such statement to be published "for eight weeks successively, next previous to the first Monday of October."

Section 74 is in the following words : "The Auditor General shall annex to, and cause to be published with, each of said statements, a notice that so much of each tract or parcel of land described in said statement, as will be necessary for that purpose, will be sold by the County Treasurer on the first Monday of October next thereafter, at such public and convenient place at the seat of justice of the county, as the County Treasurer may select, for the payment of the taxes, interest, and charges thereon."

The Auditor General prepared the statement required by section 70, and caused the same to be published in the *Genesee Whig* for eight weeks successively, next previous to the first Monday in October, A. D. 1855. He also caused to be published with such statement a notice, of which the following is an exact copy :

## "ANNUAL TAX SALES.

Auditor General's Office, }
*Lansing, Mich., July 1st,* 1855. }

So much of each of the following described tracts or parcels of lands, situated in the County of Genesee, delinquent for unpaid taxes for the year mentioned below, as will

John C. Miles *vs.* Henry N. Walker.

be sufficient to pay the taxes, interest, and charges thereon, will be sold by the Treasurer of said County, on the first Monday of October next, at such public and convenient place as he shall select, in Flint, the county seat of said County, according to the statute in such case made and provided. [Signed] . WHITNEY JONES,

*Auditor General."*

The only other notice given of the time or place of sale, was a written notice, posted up by the County Treasurer in three public places in the Town of Flint, for about ten days before the said first Monday of October, A. D. 1855, giving notice that the sale of lands for delinquent taxes would take place at the Court House in said Flint. This notice was given in accordance with the directions of the Auditor General.

The only question arising on this state of facts is, whether the notice of the *place* of sale was sufficient.

*A. C. Baldwin,* for plaintiff.

*C. J. Walker,* with whom was *J. V. Campbell,* for defendant.

The cause was decided orally, and the following order made, PRATT, MARTIN, WILLSON, and BACON, J. J., present and concurring, viz. :

"This cause having been argued by Mr. Baldwin, of counsel for plaintiff, and Messrs. Walker and Campbell, for defendant, and the case being fully considered, it is ordered, that it be certified to the Circuit Court for the County of Genesee, that the notices in the case are insufficient, and that the plaintiff is not entitled to recover the premises in controversy."

DOUGLASS, J., did not hear the argument.

The following is a complete copy of the record of this case, up to the final order of the Supreme Court:

John C. Miles *vs.* Henry N. Walker.

STATE OF MICHIGAN.—The Circuit Court of the County of Genesee.—
JOHN C. NILES *vs.* HENRY N. WALKER.—Action of Ejectment.—The said
plaintiff, by Junius Ten Eyck, his attorney, comes into Court and complains of
said defendant in ejectment, by filing declaration under the statute. For that the
said plaintiff, on the first day of January, A. D. 1857, was possessed in fee of the
following described premises, situated in said county, namely: The northwest
fractional quarter of section five, in township five north, of range five east,
containing one hundred and sixty-nine acres and 10-100ths of an acre, and the
west half of the southeast quarter of section thirty-one, in township six north,
of range five east, containing eighty acres, and being so possessed, the said
defendant afterwards and upon the second day of January, in the year aforesaid,
entered into and upon said premises, and now unlawfully withholds from said
plaintiff the possession thereof, to the damage of said plaintiff of one hundred
dollars, thereof he brings suit by his attorney.          JUNIUS TEN EYCK.

*To said Defendant:*—Take notice, that a declaration, of which the above and
foregoing is a copy, was this day filed by the Clerk of said Court, that upon
filing the same a rule was entered in the common rule book, kept by said Clerk,
requiring you to appear and plead to said declaration, within twenty days after
being served with a copy of said declaration and notice of such rule.

                                           JUNIUS TEN EYCK.

March 19th, 1857.

JOHN C. NILES *vs.* HENRY N. WALKER.—The Circuit Court for the County of
Genesee.—The defendant comes and demands a trial of the matters set forth in
plaintiff's declaration.          By WALKERS & RUSSELL, his Attorneys.

JOHN C. NILES *vs.* HENRY N. WALKER.—This case having been brought to
trial before the Court, without a jury, on an agreed state of facts, in a case made
on file, the Court having considered the same, the questions arising thereon are
reserved for the consideration and determination of the Supreme Court.

STATE OF MICHIGAN, County of Genesee, ss.—I, George B. Merriman, Deputy
Clerk of the Circuit Court in and for said County of Genesee, do hereby certify,
that I have compared the above and foregoing copies of a declaration, plea and
journal entry, with the originals now on file and remaining of record in my office,
and that the same are correct transcripts therefrom, and of the whole of such
originals.

            In testimony whereof, I have hereunto set my hand and affixed the
[L. S.]     seal of said County of Genesee, this twenty-fifth day of March,
            in the year one thousand eight hundred and fifty-seven.

                                    GEORGE B. MERRIMAN,
                                        *Deputy Clerk.*

JOHN C. NILES *vs.* HENRY N. WALKER.—Circuit Court of the County of Gen-
esee.—This cause having come on for trial before the Court, without a jury, at the
March term, A. D. 1857, the following facts are agreed upon, for the purposes
of this trial: The defendant is in possession of the premises described in the

John C. Miles *vs.* Henry N. Walker.

plaintiff's declaration, claiming the title thereto in fee, by a regular chain of conveyances from the United States. The plaintiff claims title to the same premises by virtue of a deed from the Auditor General of the State of Michigan, they having been sold for the delinquent taxes, for the year 1854, on the first Monday of October, A. D. 1855, and not having been redeemed. On the first day of July, A. D. 1855, the Auditor General prepared a statement of the lands in Genesee County, on which taxes remained unpaid for the year 1854, including the lands in question, specifying the amount of taxes due upon each parcel, and the interest, costs and expenses, as required by Section 77, Act No. 86, of Session Laws of 1853, page 148 of Session Laws of that year, and caused such statement to be published in the *Genesee Whig*, a newspaper printed and published in said County of Genesee, for eight weeks successively, next previous to the first Monday of October, A. D. 1855. The Auditor General also caused to be published, with such statement, a notice, of which the following is a copy:

"ANNUAL TAX SALES."
AUDITOR GENERAL'S OFFICE, }
*Lansing, Mich., July 1st*, 1855. }

So much of each of the following described tracts or parcels of land, situated in the County of Genesee, delinquent for unpaid taxes for the years mentioned below, as will be sufficient to pay the taxes, interest and charges thereon, will be sold by the Treasurer of said County, on the first Monday of October next, at such public and convenient place as he shall select in Flint, the county seat of said county, according to the statute in such case made and provided.

[Signed] WHITNEY JONES,
*Auditor General.*

The only other notice given of the time or place of sale, was as follows: About one week before the first Monday of October, A. D. 1855, the time fixed for the sale, the County Treasurer of said County of Genesee caused to be written a notice that the tax sale for that year, for the County of Genesee, would take place at the Court House in Flint, in said county. Three copies of which notice were posted up in different public places in Flint. This last notice was given and posted in pursuance of instructions given by the Auditor General. [Signed] JUNIUS TEN EYCK,
*Attorney for Plaintiff.*

WALKERS & RUSSELL,
*Attorneys for Defendant.*

The Court having considered the facts above agreed upon, reserves for the consideration of the Supreme Court the following questions arising thereon:

1. Were the notices above given, and their manner of publication, a sufficient compliance with the requirements of Section 81 of Session Laws of 1853; Act. No. 85, page 148.

2d. Was there such notice given of the place of such sale for delinquent taxes as makes such sale valid.

3d. Did said deed from the Auditor General convey a good title to the grantee therein. [Signed] S. M. GREEN.

March 20, 1857.