## LONGYEAR *v.* TOOLAN.

### ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

No. 177. Argued March 13, 1908.—Decided April 6, 1908.

An owner of property must be held to knowledge that failure to pay duly assessed taxes will be followed by sale; and if the statute gives him full opportunity to be heard as to the assessment on definite days, and definitely fixes the time for payment and the time for sale in case of default, so that he cannot fail, if duly diligent, to learn of the pendency of the sale, he is not denied due process of law because the notice of sale is by publication and not by personal service; and the validity of a tax sale under the law of Michigan sustained.

144 Michigan, 55, affirmed.

THE facts are stated in the opinion.

*Mr. Edward Cahill* for plaintiff in error:

When notice by statute is relied on to supply the place of process it must contain the elements of notice and must be as definite and certain in all the essentials of notice as any other legal process. If a statute is deficient in respect to prescribing with certainty the time and place of hearing, the defect cannot be supplied by publication of the notice unless the statute also fixes definitely the time and place when and where the publication shall be made and so furnishes, by reference, a means of certainty. What is required is notice and notice to be of value must possess certainty or furnish the means of certainty to the person entitled to it. *State R. R. Tax cases,* 92 U. S. 575; *Davidson* v. *Board of Administration of New Orleans,* 97 U. S. 108; *Hager* v. *Reclamation District,* 111 U. S. 701; *C. N. O. & T. P. R. R. Co.* v. *Kentucky,* 115 U. S. 321; *Spencer* v. *Merchant,* 125 U. S. 345; *P. C. C. & St. L. Ry. Co.* v. *Backus,* 154 U. S. 421; *Winona Land Co.* v. *Minnesota,* 159 U. S. 526, substantially differ from the case at bar.

*Mr. Harris E. Thomas,* with whom *Mr. Charles W. Nichols* was on the brief, for defendants in error.

MR. JUSTICE MOODY delivered the opinion of the court.

This is a writ of error to the Supreme Court of Michigan. That court rendered judgment for the defendants in error, who were the original plaintiffs, against the plaintiff in error, who was the original defendant, in an action of ejectment to recover a certain lot of land. The defendant was at one time the owner of the land in dispute, but it was conveyed to the plaintiffs by a deed given in pursuance of a sale for taxes. The title to the land depends upon the validity of the tax title, which was upheld by the court below. The issue in this court is narrowed to the question whether the sale of the land for the enforcement and collection of the taxes, which it is conceded were duly levied, violated the due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States.

The method in Michigan of the assessment and collection of taxes on real property is as follows: On or before the third Monday in May the Supervisor of the township makes a tax roll, on which each parcel of real property is described, and the name of its owner, if known, set opposite. The Supervisor then estimates the true cash value of the property. On the Tuesday next following the third Monday of May the Supervisor submits his assessment roll to a board of review for correction and approval. On the fourth Monday of May and the day following the board sits, and, at the request of any taxpayer, has the power to correct the assessment on his property. The members of the board have authority to administer the oath and to examine witnesses. The assessment roll is then finally made up and certified. The Supervisor then proceeds to assess taxes in accordance with the assessment roll, and from the first day of December following they become a lien upon the property until payment. Act 206 of the Laws of 1893 provides for

the enforcement and collection of delinquent taxes by sale. All lands, the taxes upon which have remained unpaid for a year after the lands have been returned to the Auditor General or the county treasurers as delinquent, are declared to be subject to sale in satisfaction of the tax lien. The law provides, § 61, that "as soon as practicable after the first day of June . . . the Auditor General shall prepare and file in the office of the County Clerk . . . a petition addressed to the Circuit Court for said county in chancery, stating therein by apt reference to lists or schedules annexed thereto, a description of all lands in such county upon which taxes have remained unpaid for more than one year prior to : . . the first day of May of the year in which the petition is filed, and the total amount of such taxes. . . . Such petition shall pray a decree in favor of the State of Michigan against said land for the payment of the several amounts so specified therein, and in default thereof that such lands be sold." The petition is then entered in "a substantial record book," with a list of the lands and the taxes upon them. The Circuit Judge thereupon makes an order that the petition will be brought to hearing and decree at a time and place named, at which all persons interested who desire to contest the lien of the State may appear and file their objections, and that in default of appearance a decree as prayed for will be entered. The petition, with the order thereon, must then be published at least once a week for four weeks next prior to the time fixed for hearing, in some newspaper published and circulating in the county to be designated by the Auditor General. If there is no such newspaper, or none such can be secured, the petition and order must be printed and furnished to each voter in the county and copies posted in three public places in each township. The foregoing publication is declared by the law to be "equivalent to a personal service of notice on all persons who are interested in the lands specified in such petition, of the filing thereof, of all proceedings thereon and of the sale of the lands under the decree, and shall give the court jurisdiction"

to proceed to a decree. An appeal to the Supreme Court may be taken by either party. On the first Monday of December following the county treasurer begins to make the sales decreed by the court, must report them to the clerk of the court, and eight days after the sales are reported to the clerk of the court are given for objections to the sale, which may be set aside as in the practice in cases of sales in equity on the foreclosure of mortgages. The sale is then confirmed, subject to a right of redemption, which may be exercised at any time within one year from the sale. The sale, however, may be set aside within one year after the owner has notice of the sale, if the taxes have been paid or the property was exempt.

The sale in the case at bar was made after proceedings which, in all respects, conformed to the statute. The single objection made in behalf of the plaintiff in error is that the statute denies to him, then being a resident of the State, the due process of law required by the Constitution, in that it substitutes notice by publication of the proceedings for sale for personal service. It has been shown that the Michigan law provides a board of review, which holds sessions on days fixed by the law, where every person whose property is on the provisional assessment roll submitted by the Supervisor may be heard to correct the assessment. It would seem that this opportunity for hearing, coupled with the provision for setting aside the sale within one year after notice of it, which has been stated, satisfies the requirement of due process of law made by the Fourteenth Amendment, and that the State may be left to enforce the collection of the taxes as it chooses. But we pass this question without deciding it, simply observing that in *Winona & St. Peter Land Co.* v. *Minnesota,* 159 U. S. 526, it was said, p. 537, that the Fourteenth Amendment was not violated "if the owner has an opportunity to question the validity or the amount of it either before that amount is determined or in subsequent proceedings for its collection." If it be assumed that the delinquent taxpayer, who has already had an opportunity to be heard upon the assessment of the

tax upon his property, is entitled to further notice of the pendency of proceedings to sell the land in satisfaction of the tax lien, then the statute before us requires a sufficient notice. It is no objection that the notice was only by publication. In the case of *Leigh* v. *Green*, 193 U. S. 79, a case of publication, the authorities were reviewed, and it was said, p. 92: "Where the State seeks directly, or by authorization to others to sell land for taxes upon proceedings to enforce a lien for the payment thereof, it may proceed directly against the land within the jurisdiction of the Court, and a notice which permits all interested, who are 'so minded,' to ascertain that it is to be subjected to sale to answer for taxes, and to appear and be heard, whether to be found within the jurisdiction or not, is due process of law within the Fourteenth Amendment to the Constitution." Moreover, the case at bar cannot be distinguished from *Winona & St. Peter Land Co.* v. *Minnesota*, *supra*. There a statute similar to the one now before us was held to afford due process of law. The only distinction suggested is that the Minnesota statute fixed more definitely than the Michigan statute the time of filing the petition, of making the order for hearing, and of the hearing itself. But those times are fixed with sufficient certainty here. The owner of property whose taxes, duly assessed, have remained unpaid for more than one year must be held to the knowledge that proceedings for sale are liable to be begun as soon as practicable after the first day of June, and that the law contemplates that they will be ended before December 1, when the sales will be made by the county treasurer. The proceedings are inscribed on the public records and otherwise made notorious. If he exercises due vigilance, he cannot fail to learn of their pendency, and that full opportunity to defend is afforded to him. This satisfies the demands of due process of law, and the judgment is

*Affirmed.*