AUDITOR GENERAL v. BROWN.

1. TAXATION—THIRD STORY OF BUILDING SHOULD NOT BE ASSESSED TO OWNER OF LAND AND FIRST TWO STORIES WHERE NOT OWNED BY HIM.

Where a taxpayer owned the land and the first two stories of the building thereon, but the third story was owned by another, it was the duty of the supervisor, under 1 Comp. Laws 1915, § 4012, to assess to each the part owned by him.

2. SAME—MINGLING PROPERTY—TAXPAYER'S RIGHT TO RELIEF.

While a taxpayer's neglect to appear before the board of review would preclude him from questioning the valuation placed on his property, unless fraudulent, it would not prevent his asking relief in the chancery court from an assessment which mingled that which he did not own with that which he did own.

3. SAME—TAXPAYER MUST PAY ON PROPERTY OWNED BY HIM AL-
THOUGH ASSESSMENT MINGLED PROPERTY OWNED BY ANOTHER.

A taxpayer is not relieved from paying taxes on the land
and two stories of the building thereon which he owned
by the fact that the third story, which he did not own,
was also assessed against him.

4. SAME—TAXPAYER'S RIGHT TO RELIEF.

Where an assessment against a taxpayer included property
he did not own, he had a right to pay the tax on the
part owned by him (1 Comp. Laws 1915, § 4049), and,
on his failure to do so, could seek relief at the hearing
on the auditor general's petition for the sale of the land
for taxes (section 4063).

5. SAME—DUTY OF COURT TO ASCERTAIN TAX WHERE PROPERTY
MINGLED IN ASSESSMENT.

Where the tax roll clearly showed that the third story of
a building was included in the assessment against the
taxpayer owning the land and the first two stories, on the
attention of the court being called thereto at the hearing
on the auditor general's petition for sale of the land for
taxes, it became his duty to ascertain by oral proof the
relative value of the first two stories to the entire building
and lot, and to decree a tax based on such valuation.

6. SAME—SUPERVISOR NOT ALLOWED TO TESTIFY AS TO INTENT IN
VALUATION.

On such hearing the supervisor should not be allowed to
testify that he did not intend to include the third story
in said valuation, especially in view of the fact that it was
the duty of the board of review to correct all mistakes
(section 4023), and, on affirmance of the roll, it was pre-
sumed to be correct if legally assessed (section 4074).

7. SAME—FAILURE TO PAY TAX—DECREE SHOULD INCLUDE INTEREST,
CHARGES, AND PENALTIES.

Where a taxpayer, against whose assessment was mingled
property he did not own, made no effort to pay the tax
on the part owned by him, the decree fixing amount of tax
to be paid by him will include interest, charges, and pen-
alties provided by statute.

FEAD, C. J., and WIEST, J., dissenting.

243—Mich.—13.

Appeal from Genesee; Parker (James S.), J.   Submitted June 10, 1927.   (Docket No. 69, Calendar No. 32,743.)   Resubmitted March 27, 1928.   Decided June 5, 1928.

Petition by Oramel B. Fuller, auditor general, against George F. Brown for the sale of land delinquent for taxes.   From a decree for plaintiff, defendant appeals.   Modified and affirmed.

*William R. Roberts*, Prosecuting Attorney, for plaintiff.

*James H. McFarlan*, for defendant.

WIEST, J. (*dissenting*).   This opinion was prepared by the late Justice BIRD and meets my views.

There is in the village of Davison a three-story building which occupies a lot, described as follows:

"Being the northeast corner of lot 24, block 3, of the village of Davison as platted, said land being 69 feet long east and west and 58 feet north and south."

The title of the lot is in defendant George F. Brown. He is also the owner of the first and second stories of said building.   The Independent Order of Odd Fellows is the owner of the third story of said building.   The order built the third story, and, when finished, it has occupied it as a lodge room.   It received a warranty deed of the third story from the owner, which described the conveyance as:

"All that certain piece or parcel of land, situate in the village of Davison, county of Genesee, and State of Michigan, described as follows, to-wit:   The third story of a building erected on the following land, viz.: Being the northeast corner of lot twenty-four of block three (3) of the village of Davison as platted; said land being 69 feet long east and west, by 58 feet wide north and south; and said building being 48 feet wide north and south, by 56 feet long east and west;

\*   \*   \*   together with the right of ingress and egress at all times, through a stairway on inside of said two lower stories of said building in the southwest corner together with right of way along the south side of said building which right of way and stairway are to be kept permanently free from obstruction."

A prior deed granted the right:

"This grant also conveys the right to rebuild said third story should the same or said building or any part thereof ever be destroyed or rendered untenable."

In the year 1923 the assessing officer assessed the real estate with no exception to defendant Brown, and assessed the "hall and furnishings" as personal property to the lodge. The lodge paid its tax but Brown did not pay his tax. The real property was advertised for sale in 1926 and was included in the auditor general's petition. Brown answered the petition as to his premises, and his objection appears to be that the real estate has been twice, or partially twice, assessed and once paid. His contention is that the third story is real property, and that it could not be made personal property by placing it in the personal property column.

The question presented is whether the third story should have been assessed as real estate or personal property. If the Odd Fellows had a lease of the land upon which its third story sits, the situation would be controlled by 1 Comp. Laws 1915, § 4002, subd. 11, which enumerates what property shall be assessed as personal property:

"All buildings and improvements situate upon leased lands, except where the value of the real property is also assessed to the lessee or owner of such buildings and improvements."

But the conveyance is something more than a lease, it conveys the third story to the Odd Fellows in fee. There is no statute that has been called to our attention

which covers the precise situation.    It is a matter which should receive the attention of the legislature, as similar situations are growing in number, especially in the cities.    It partakes more of the nature of real estate than personal property, and perhaps should be assessed as real estate until the legislature provides the manner in which such interests shall be assessed.

But, notwithstanding this suggestion, we are not of the opinion that defendant Brown is entitled to any relief in this action.    The record shows that the assessor assessed the third story to the Odd Fellows lodge, as follows:

"Parcel assessed to trustees of Vernor Lodge Number 400, I. O. O. F. hall and furnishings, true cash value personal property, $1,100, and passed by board of review, $1,100, with a total tax of $26.66, that was paid February 13, 1924."

He then assessed the real estate to Brown as:

"A parcel of land of the northeast of lot 24, block 3, commencing at the northeast corner of lot 24; thence west 69 feet; thence south 58 feet; thence east 69 feet; thence north 58 feet to place of beginning, on original plat of the village of Davison, and the valuation is placed by the board of review, $3,900, total tax $94.51."

In so assessing the property the defendant assumes that the assessor has assessed the third story twice, once to the Odd Fellows lodge and once to him.    We do not think the assessments necessarily carry this inference.    The burden was upon defendant to show that he was assessed for another's property.    If the assessor assessed the third story to the Odd Fellows lodge, and then assessed the real estate by lot number or boundaries, the fair inference is that he only assessed the lot and two stories to Brown.    And this is the view the chancellor took of it when he said, in reply to defendant's argument that Brown was assessed for the third story:

"*The Court:* I think you may perhaps be right, but I don't think the court would be right or justified in saying the supervisor, at the time he made the assessment, had in mind the third story of that building when he spoke of the Odd Fellows hall."

As before said, the burden was upon defendant Brown to show the irregularity of the assessment. If he were right in his contention, it would have been very easy to have made the matter clear by calling in the assessor who made the assessment and having him state how he assessed it. On failure to do this, the doubt should be resolved against him.

Another question was raised as to the tax for 1919. That tax was canceled by the auditor general and reassessed. The prosecuting attorney of Genesee county agrees with the defendant in his contention with reference to this question. It was not passed upon by the trial court, and, therefore, we will not consider it.

The decree of the trial court holding the tax for 1923 valid for $117.72 should be affirmed, without costs.

FEAD, C. J., concurred with WIEST, J.

SHARPE, J. The assessment against defendant, on which the tax in question was spread, included the land and the entire building standing upon it. Defendant did not own the third story of the building, and it should not have been assessed to him. It was the duty of the supervisor "to ascertain the taxable property of his assessing district, and the persons to whom it should be assessed and their residences." 1 Comp. Laws 1915, § 4012. Had he required the defendant to furnish him with the statement provided for in this section, the error complained of would not have appeared upon his assessment roll. Defendant had a right to assume that property which he did not own would not be assessed to him. There was no jurisdiction to do so. *Greilick* v. *City of Traverse City,*

231 Mich. 699; *Koch* v. *City of Detroit*, 236 Mich. 338.    His neglect to appear before the board of review would preclude him from questioning the valuation placed on his property unless he was able to show that it was fraudulent, but did not, in my opinion, prevent him from asking relief in the chancery court on the hearing of the petition from an assessment which mingled that which he did not own with that which he did own.    The situation, it seems to me, is no different from what it would have been had two lots been assessed to him in one parcel when he owned but one of them.

The defendant is not, however, relieved thereby from paying the tax on the land and the two stories of the building which he does own.    He might have made payment to the treasurer on the part of the property owned by him and permitted the balance to be returned delinquent.

"Any person owning an undivided share or other part or parcel of real property assessed in one description may pay on the part thus owned, by paying an amount having the same relation to the whole tax as the part on which payment is made has to the whole parcel.    The person making such payment shall accurately describe the part or share on which he makes payment, and the receipt given, and the record of the receiving officer shall show such description, and by whom paid." 1 Comp. Laws 1915, § 4049.

Not having done so, he might seek relief, as he has done, at the hearing on the auditor general's petition for the sale of the land for taxes.    The proceedings at such hearing are specifically pointed out in the statute (§ 4063):

"The taxes specified in the petition shall be presumed to be legal and a decree be made therefor unless the contrary is proved.    Evidence shall be taken in open court.    All oral testimony shall, at the request of any person interested, be written down and filed.    The court may make such orders from time to time as may

be necessary to facilitate the proceedings, and shall decide all questions as to the admissibility of evidence, and the decisions so made shall be final and not subject to review or appeal.    If the lands of two or more persons have been assessed together, the court may, if practicable, separate the same and apportion to each parcel its just proportion of the taxes, interest and charges."

The tax roll clearly showed that the third story of the building was unlawfully included in the assessment to the defendant.    He did not own it, and it should not have been assessed to him.    When the attention of the court was called to it, it became his duty to ascertain by oral proof the relative value of the first two stories to the entire building and lot, and to decree a tax against defendant's property based on such valuation.

It would, I think, be dangerous indeed to permit the supervisor to testify that he did not intend to include the third story in the valuation he placed on defendant's property.    After he had completed his assessment roll, it was reviewed by a board elected for that purpose.    It was the duty of that board—

"to correct all errors   *   *   *   in the assessment and valuation of property thereon, and they shall cause to be done whatever else may be necessary to make said roll comply with the provisions of this act" (§ 4023),

—and, when they have done so, to attach thereto the certificate provided for in the statute (§ 4024).    It may well be asked, Had the board of review the same intent?    The following section (4025) provides:

"Upon the completion of said roll and its indorsement in manner aforesaid, the same shall be conclusively presumed by all courts and tribunals to be valid, and shall not be set aside except for causes hereinafter mentioned."

The "causes" referred to will be found in section 4074:

"In any suit or proceeding to enforce or set aside any tax, such tax shall be held illegal only for one of the following reasons :    *    *    *

"Third, That the person or property assessed was exempt from the taxation in question *or was not legally assessed.*"

Defendant is asking relief in a court of equity.    As he made no effort to pay this tax, it will carry with it the interest, charges, and penalties provided for in the statute.

A decree may be here entered affirming that rendered in the court below except as to this description, and remanding the case to the circuit court, in chancery, for further proceedings in conformity herewith.    No costs· are allowed.

NORTH, FELLOWS, CLARK, and McDONALD, JJ., concurred with SHARPE, J.    POTTER, J., did not sit.