### GOLDEN v. AUDITOR GENERAL.

1. TAXATION—SEPARATE ASSESSMENT OF LANDS ASSESSED TOGETHER —CONSTRUCTION OF STATUTES—LEGISLATIVE INTENT.

The statute relative to the separate assessment for property taxes of lands of 2 or more persons that have been assessed together is permissive, not mandatory, although manifesting legislative intent that separate assessment should be made by the court when informed of requisite facts as to multiple ownership (CL 1948, § 211.66).

2. SAME—APPORTIONMENT OF TAXES ON LAND PRIOR TO SALE OF SEPARATE PARCEL—PREJUDICE.

Sale of land on which taxes had been assessed against it and adjacent parcel together because of common ownership for remainder of tax assessed after payment of apportioned taxes against other parcel, which apportionment was made in the

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 51 Am Jur, Taxation § 690.

Validity and effect of single assessment of separate parcels of real estate belonging to different owners. 144 ALR 341.

[4, 5] 51 Am Jur, Taxation § 1033.

county treasurer's office after decree without knowledge or authority of the court, but before sale, *held,* not to have prejudiced plaintiff holder of second mortgage on the premises sold, where no complaint is made as to the fairness of the apportionment (CL 1948, § 211.66).

3. SAME—SEPARATE ASSESSMENT OF PARCELS OWNED BY 2 OR MORE PERSONS—CONSTRUCTION OF STATUTES.

The statute relative to the separate assessment for property taxes of lands of 2 or more persons that have been assessed together accords no right to the owner of 1 parcel to fail to pay the taxes on his parcel nor to have the entire premises sold because of their default with respect to their own parcel, much less to have none of it sold (CL 1948, § 211.66).

4. SAME—SUFFICIENCY OF NOTICE OF TAX SALE—DUE PROCESS.

Notice by publication and for mailing by the county treasurer only to the persons to whom the lands were assessed of notice of impending tax sale and notice to redeem thereunder, without requirement of other personal service, or at least notice of proceedings by mail, on persons whose legally protected interests in the property are affected, does not constitute a denial of due process under the Federal and State Constitutions (US Const, Am 14; Mich Const 1908, art 2, § 16; CL 1948, §§ 211.61a, 211.73a).

5. SAME—DUE PROCESS—NOTICE OF SALE BY PUBLICATION.

An owner of property must be held to knowledge that failure to pay duly assessed taxes will be followed by sale; and if the statute gives him full opportunity to be heard as to the assessment on definite days, and definitely fixes the time for payment and the time for sale in case of default, so that he cannot fail, if duly diligent, to learn of the pendency of the sale, he is not denied due process of law because the notice of sale is by publication and not by personal service (US Const, Am 14; Mich Const 1908, art 2, § 16; CL 1948, §§ 211.61a, 211.73a).

Appeal from Oakland; Adams (Clark J.), J. Submitted April 10, 1964. (Calendar No. 11, Docket No. 50,409.) Decided November 2, 1964.

Bill by Milford Golden and Beatrice M. Golden against the State of Michigan and Billie S. Farnum,

Auditor General, to set aside tax deed. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Brucker & Brucker* (*Wilber M. Brucker*, of counsel), for plaintiffs.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Nicholas V. Olds* and *Warren R. Snyder*, Assistant Attorneys General, for defendants.

DETHMERS, J. This is an action to set aside a decree for tax sale for 1958 delinquent taxes, insofar as it affected plaintiffs' land, and a tax deed given thereunder by the auditor general to the State. From judgment for defendants, plaintiffs appeal.

In 1959 plaintiffs had received a sheriff's deed to the land in question and certain adjacent premises upon their foreclosure of a second mortgage thereon held by them. In 1960 Michigan State University foreclosed its first mortgage covering said adjacent premises and received a commissioner's deed. Because of previous common ownership, the 2 properties had been assessed together as 1 piece for 1958 taxes. In 1961 the university requested and obtained from the township assessor, under the provisions of the general property tax law, being PA 1893, No 206, as amended (CL 1948, § 211.1 *et seq.*, as amended [Stat Ann 1960 Rev § 7.1 *et seq.*]), and more particularly section 53 thereof (CL 1948, § 211.53 [Stat Ann 1960 Rev § 7.97]), a statement of the valuation of its part and of the entire description. Equipped with this statement it applied to the county treasurer for permission to pay its proportionate share of the assessment against the entire description properly attributable to its portion thereof and paid the same accordingly.

Thereafter, in 1961, the auditor general filed a petition in circuit court for sale of lands on which the 1958 taxes were delinquent. In the petition and in the subsequent publications thereof and of the court's order of hearing thereon, the whole description was set forth as one, with a statement of the amount of taxes due on the entirety without severance thereof into 2 parts. On April 14, 1961, a decree, as provided by statute, entered thereon.

After the decree but before the date in May, 1961, set for sale, someone in the county treasurer's office, without knowledge or authority of the court, changed the tax record to show a severance of the 2 parcels, apportionment of the entire tax between the 2, and payment of the amount on the university's portion. At the sale the county treasurer sold plaintiffs' parcel for the amount due on it, but the remainder of the description, on which the university had paid the tax, was withheld from sale.

Plaintiffs urge that they are entitled to the relief sought because, under the statute, severance of the whole description, apportionment of the entire tax between the 2 parcels, and change of the record accordingly, should have been accomplished by order of the circuit court in the hearing on the auditor general's petition and that he or his agents should have brought the dual ownership of the description to the attention of the court. On that premise plaintiffs say that it was error for the court below in this suit to hold that accomplishment of the severance, apportionment, and change of the tax record by the method here employed was not a matter or error of substance nor prejudicial to plaintiffs' rights. Section 66 of the act (CL 1948, § 211.66 [Stat Ann 1960 Rev § 7.111]) provides in part:

"If the lands of 2 or more persons have been assessed together, the court may, if practicable, sepa-

rate the same and apportion to each parcel its just proportion of the taxes, interest and charges."

It will be noted that the provision is permissive, not mandatory, although it manifestly was the legislative intent that the court should do so when informed of requisite facts as to multiple ownership. See *Auditor General* v. *Brown,* 243 Mich 192. No duty is imposed on anyone, by the statute, to call such fact to the court's attention. Manifestly, plaintiffs did not so apprise the court nor petition it for severance and apportionment as it appears by the *Brown Case* they might have done. Neither did plaintiffs avail themselves of the provisions of section 53 of the act for that purpose as did the university. Whether or not the latter course would have been irregular seems to us, as it did to the trial judge, a matter of no particular substance and scarcely prejudicial to the rights of the other party owning a portion of the entire description. No complaint is made of the fairness of the apportionment as made. Whichever of the 2 methods of accomplishment might have been employed, the results would have been the same. No prejudice to plaintiffs is shown to have occurred in this connection by reason of the court's failure to sever and apportion as by section 66 of the act permitted, or to order the change or correction in the tax record.

Filing of the auditor general's petition and the publications as provided by statute, complied with here, conferred jurisdiction on the court over the entire description. *Auditor General* v. *Ober,* 304 Mich 193. It thereupon became competent for the court to decree sale of the whole description. Payment of the tax on a portion thereof and withdrawal of it from the sale could not operate to destroy the court's jurisdiction over the remaining parcel or to invalidate its decree of sale with respect thereto.

*McQuade* v. *State Land Office Board,* 321 Mich 235, cited by plaintiffs in this connection for the proposition that the county treasurer had no power to offer the land in question, which was a part of one owner's description, except in strict compliance with the statute and the decree, has no application here, because in the instant case there was multiple ownership as to which the statute permitted a severance of the description, while in *McQuade* the entire description was owned by one person so that there was no statutory basis for a severance. Furthermore, the decree provided, as section 67 of the act[1] directed, for the sale of such parcels or interests therein as might be necessary to satisfy the amount decreed against the same, "unless said amount be paid prior to said sale." In the case at bar the proportionate amount due on the university's property had been paid; that on plaintiffs' had not. The offering for sale by the county treasurer was, therefore, in compliance both with the statute and the decree. The fact that less of the entire description, as advertised, was sold than might have been had the university made no payment, can hardly be said to be, and it was not shown to have been, prejudicial to plaintiffs' rights, nor to have violated either statute or decree. Every requisite of the statute having a semblance of benefit for plaintiffs was complied with. The statute gave the university the right to pay the rightful amount of tax on its parcel and, thereupon, to have it withheld from the sale. The statute gave plaintiffs no right to fail to pay the taxes on their parcel nor to have the entire description sold because of their default with respect to their own parcel, much less to have none of it sold.

Plaintiffs challenge the constitutionality, under the due process clauses of both the Federal and State

---

[1] CL 1948, § 211.67 (Stat Ann 1960 Rev § 7.112).

Constitutions,[2] of the statute's provision for notice
of the proceedings on the auditor general's petition
by publication and for the mailing by the county
treasurer, only to the persons to whom the lands are
assessed, of a notice of the impending tax sale
thereof under section 61a of the act[3] and a notice
to redeem under section 73a thereof[4] without require-
ment of other personal service, or at least notice of
the proceedings by mail, on persons whose legally
protected interests in the property are affected. In
this connection, plaintiffs concede that under earlier
decisions, such as *Ball* v. *Ridge Copper Co.,* 118 Mich
7, and *Longyear* v. *Toolan,* 209 US 414 (28 S Ct 506,
52 L ed 859), notice of the tax sale proceedings by
publication only was held to meet constitutional
due-process-of-law requirements. As they state, in
*Ball* the reason assigned for such holding was that
the proceedings were substantially *"in rem".* They
then say that in the more recent decisions it has
been held that the due process requirements for
notice by something more than publication, such as
by mail, are not affected by whether the proceedings
be *in rem, quasi in rem,* or *in personam.* Cited are:
*Mullane* v. *Central Hanover Bank & Trust Co.,* 339
US 306 (70 S Ct 652, 94 L ed 865); *City of New York*
v. *New York, N. H. & H. R. Co.,* 344 US 293 (73 S Ct
299, 97 L ed 333); *Covey* v. *Town of Somers,* 351 US
141 (76 S Ct 724, 100 L ed 1021); *Walker* v. *City of
Hutchinson,* 352 US 112 (77 S Ct 200, 1 L ed 2d 178);
*Schroeder* v. *City of New York,* 371 US 208 (83 S Ct
279, 9 L ed 2d 255, 89 ALR2d 1398). *Mullane* in-
volved sufficiency of notice by publication of pro-
ceedings for settlement of accounts of a common
trust fund in which funds had been placed from
other trusts without notice to the beneficiaries.

---

2 US Const, Am 14; Const (1908), art 2, § 16.—Reporter.
3 CL 1948, § 211.61a (Stat Ann 1960 Rev § 7.106).
4 CL 1948, § 211.73a (Stat Ann 1960 Rev § 7.119).

*City of New York* v. *New York, N. H. & H. R. Co.*
involved sufficiency of notice by publication only in
bankruptcy proceedings to creditors to file claims or
be cut off. *Walker* involved notice by publication
only to property owners of pendency of condemna-
tion proceedings against their property. *Schroeder*
involved notice by local publication in the winter-
time to nonresident owners of summer resort prop-
erty of proceedings by a city to acquire rights to
divert a portion of a river upstream from their
properties, thus depriving them thereof. *Covey*
alone involved proceedings for tax sale of property.
Notice by publication was held insufficient there be-
cause town officials well knew that the owner was
well able financially to keep up her tax but also
knew that she was mentally incompetent and that
no committee or guardian had been appointed to
look after her affairs. To one so situated it was
held that notice by publication was insufficient.

With respect to the above position of plaintiffs
and the cases cited by them, defendants urge that
the most that can be said for them is that the nature
of proceedings as being *in rem* is not necessarily
sufficient of itself to uphold notice solely by publica-
tion, if there be no other attending circumstances
supplemental to the publication reasonably calcu-
lated to cause the affected parties to be informed of
the proceedings. They then note that as relates to
settlement of accounts of a common trust fund, as
in *Mullane,* or to the need for creditors to file claims
or else be cut off in a bankruptcy of which they had
no notice, as in *City of New York* v. *New York, N. H.
& H. R. Co.,* or to pendency of condemnation pro-
ceedings as in *Walker* or somewhat as in *Schroeder,*
there was no reason for affected parties to anticipate
the proceedings in question and that in *Covey* the
mental incompetence known to the town officials
prevented such anticipation by the property owner.

In contrast, they stress, with respect to annual tax sales of real estate for nonpayment of taxes, that property owners must be deemed to know of the inevitability of such consequences flowing from their tax delinquency and that there will be publication with respect thereto for which they should be on the lookout, and defendants urge that, therefore, such publication, added to what property owners must be deemed to know will occur, is enough to charge them with notice sufficient to meet due process requirements. For this defendants cite, with reason, *Blunt* v. *Auditor General,* 324 Mich 675, and *Brinker* v. *Auditor General,* 339 Mich 84. To these may be added *Longyear* v. *Toolan,* 209 US 414 (28 S Ct 506, 52 L ed 859), involving the Michigan tax statute and publication thereunder, in which the same was held constitutional.[5] The decision is well epitomized by the headnote:

"An owner of property must be held to knowledge that failure to pay duly assessed taxes will be followed by sale; and if the statute gives him full opportunity to be heard as to the assessment on definite days, and definitely fixes the time for payment and the time for sale in case of default, so that he cannot fail, if duly diligent, to learn of the pendency of the sale, he is not denied due process of law because the notice of sale is by publication and not by personal service; and the validity of a tax sale under the law of Michigan sustained."

Plaintiffs also cite *Ridenour* v. *County of Bay,* 366 Mich 225, and *International Salt Company* v. *Wayne County Drain Commissioner,* 367 Mich 160, as being to the contrary. In *Ridenour* there had been an attempt, *inter alia,* to set up a special assessment district with no notice to property owners other than by publication. *International Salt Com-*

---

[5] Affirming *Toolan* v. *Longyear,* 144 Mich 55.—Reporter.

*pany* had to do with a public hearing to apportion benefits to properties for creation of a special assessment district, with notice by publication and no proof of mailing of notice to plaintiff property owner as required by statute. These, again, were not cases involving the regular, annual property tax which the owners must anticipate and pay, knowing the consequences of default. They are, therefore, distinguishable and inapplicable.

Affirmed.

KAVANAGH, C. J., and KELLY, BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred.

SMITH, J., did not sit.