CITY OF DETROIT v JOHN J BLAKE REALTY CO

Docket No. 70164. Submitted June 7, 1984, at Grand Rapids.—Decided December 27, 1984.

Plaintiff, City of Detroit, brought a tax foreclosure action in the Wayne Circuit Court against defendants, John J. Blake Realty Co. and John J. Blake. The action concerned property located within the City of Detroit. Plaintiff obtained a default judgment. Thereafter, the third-party defendant, Metro Improvement Corporation, which had intervened in the case, sought to have the default judgment set aside because the city had failed to give Metro, the land contract vendee of the subject property with a recorded interest, notice of the tax foreclosure proceedings. The trial court, Thomas J. Foley, J., denied the motion to set aside the default judgment. Metro appeals therefrom. *Held:*

1. The notice given in this case did not satisfy due process requirements. A simple check of the county records would have revealed Metro's interest in the property and its address. Service of a copy of the complaint upon defendant Blake, the record taxpayer for the property, and the mailing of a copy thereof to the "Occupant" of the apartment building at issue was not notice such as one desirous of actually informing Metro might reasonably adopt to accomplish notice.

2. Metro's knowledge of a tax delinquency is not equivalent to notice of a foreclosure proceeding.

Reversed and remanded.

1. TAXATION — LAND CONTRACTS — VENDEES — TAX FORECLOSURES — NOTICE — PROPERTY.

A person who is purchasing property on a land contract is an owner of a significant interest in the property such that he must be given proper notice of tax foreclosure proceedings concerning the property.

REFERENCES FOR POINTS IN HEADNOTES

[1-5] Am Jur 2d, State and Local Taxation § 916 *et seq.*

Sufficiency of notice of sale of property, under 26 USCS § 6335, seized for failure to pay federal taxes. 26 ALR Fed 381.

Property owner's liability for unpaid taxes following acquisition of property by another at tax sale. 100 ALR3d 593.

2. TAXATION — LAND CONTRACTS — VENDEES — TAX FORECLOSURES — NOTICE — PROPERTY.

Vendees under a land contract whose interests are of record are entitled to have a city employ such means as one desirous of actually informing them might reasonably adopt to notify them of the pendency of tax foreclosure proceedings concerning the property; mailed notice must be directed to an address reasonably calculated to reach the vendees; difficulties anticipated in giving notice and affording an opportunity for a hearing do not justify dispensing with notice and hearing requirements.

3. TAXATION — TAX SALES — MORTGAGEES — NOTICE — PROPERTY.

Publication of notice of a tax sale and posting of such notice in the county courthouse does not satisfy the due process rights of a mortgagee of the property to such notice; personal service or mailed notice is required; notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party if its name and address are reasonably ascertainable; notice must be sent to the mortgagee's last known available address, or by personal service, where the mortgage is publicly recorded.

4. TAXATION — LAND CONTRACTS — TAX FORECLOSURES — VENDEES — NOTICE — PROPERTY.

The transfer of title to property to a city following a tax foreclosure action regarding the property is void where insufficient notice of such foreclosure action has been given to the land contract vendee of the property.

5. TAXATION — LAND CONTRACTS — TAX FORECLOSURES — VENDEES — NOTICE — PROPERTY.

A land contract vendee's knowledge of a tax delinquency concerning the property is not equivalent to notice of a foreclosure proceeding concerning the property.

*Donald Pailen,* Corporation Counsel, and *Dragan Stojanov,* Assistant Corporation Counsel, for plaintiff.

*James D. Jackson,* for Metro Improvement Corporation.

Before: J. H. Gillis, P.J., and M. J. Kelly and C. H. Mullen,* JJ.

Per Curiam. On May 27, 1982, plaintiff obtained a default judgment against the defendant's John J. Blake and John J. Blake Realty Co., in plaintiff's tax foreclosure action vis-à-vis property located within the Detroit city limits. The third-party defendant, Metro Improvement Corporation, had intervened in the case and sought to have the default judgment set aside because the city failed to give Metro proper notice of the tax foreclosure proceedings. The basis of Metro's request was that it was the land contract vendee of the subject property and its interest was of record. Upon the trial court's denial of this motion, Metro appeals as of right. We reverse.

On November 5, 1981, the city instituted this foreclosure action alleging that property taxes on the subject parcel had not been paid since 1976. It proceeded under Detroit Charter § 8-403, which provides that "the [city] treasurer shall give reasonable notice to all persons who are liable for delinquent real property taxes". There is a 60-day redemption period following entry of judgment. Likewise, "[t]he judgment when final shall be conclusive evidence of the City's title in fee simple". *Id.*

The city served a copy of the complaint upon defendant Blake, who was the "record taxpayer for the property", and mailed a copy thereof to the "Occupant" of the property at issue. However, as stated in Metro's motion to set aside the default judgment, the property is the site of "an apartment building". Thus, Metro never personally received a copy of the complaint because Metro's office was located at another address which ap-

---

* Circuit judge, sitting on the court of Appeals by assignment.

peared prominently on the land contract which was on file within the county records.

The question on appeal is whether the notice given in this case satisfied due process requirements where the city readily had access to information about Metro's land contract vendee's interest in the property and Metro's business address.

In *Dow v Michigan,* 396 Mich 192; 240 NW2d 450 (1976), the Court found that a person "who [is] purchasing the property on land contract" is "an owner of a significant interest in property" such that this person "[must] be given proper notice" of the tax foreclosure proceedings. *Id.,* 204, 196.

Turning to the nature of the required notice, the Court, in *Dow,* stated:

"It does not appear whether the land contract purchaser's interest of the Dows was of record. Ordinarily a land contract purchaser of a residence is in actual possession and readily identifiable. The Dows were not in possession. The typical land contract requires the purchaser to pay taxes. It does not appear whether the tax assessor or the treasurer were aware of the Dows' interests or, indeed, to whom tax bills had been sent. *If their interests were of record* or if the assessor or treasurer was aware of their interests, they too were entitled to have the state employ such means 'as one desirous of actually informing [them] might reasonably adopt' to notify them of the pendency of the proceedings.

"Personal service is not required. Notice by mail is adequate. *Mailed notice must be directed to an address reasonably calculated to reach the person entitled to notice.* Mailing should be by registered or certified mail, return receipt requested, both because of the greater care in delivery and because of the record of mailing and receipt or non-receipt provided. *Such would be the efforts one desirous of actually informing another might reasonably employ.* If the state exerts reasonable efforts, then failure to effectuate actual notice would not preclude foreclosure of the statutory lien and indefeasi-

ble vesting of title on expiration of the redemption period." 396 Mich 192, 210-211. (Emphasis added; footnote omitted.)

The Court also set forth the following guidelines which are, incidentally, selectively cited by plaintiff:

"[I]t would satisfy constitutional requirements if the state were to adopt a procedure providing for (i) ordinary mail notice before sale to the person to whom tax bills have been sent and to 'occupant,' and (ii) after sale to the state, formal notice to all owners of significant property interests of the constitutionally required opportunity for hearing and redemption. The burden required by the Constitution is manageable." *Id.,* 212. (Footnote omitted.)

The United States Supreme Court recently held that publication of notice of a tax sale and posting of same in the county courthouse did not satisfy the due process rights of a mortgagee of the property. *Mennonite Bd of Missions v Adams,* — US —; 103 S Ct 2706; 77 L Ed 2d 180 (1983). "Personal service or mailed notice is required even though sophisticated creditors have means at their disposal to discover whether property taxes have not been paid * * *." *Id.,* 103 S Ct 2712; 77 L Ed 2d 188. "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party * * * if its name and address are reasonably ascertainable." *Id.* (Emphasis in original.) The Court in *Adams* further held that where the mortgage is "publicly recorded", notice must be sent to "the mortgagee's last known available address, or by personal service". *Id.,* 103 S Ct 2711; 77 L Ed 2d 187.

In this case, Metro had a recorded interest in the property by land contract. Its corporate ad-

dress plainly appeared on the contract. Notice mailed to "Occupant" at a multi-unit dwelling is not "such as one desirous of actually informing [Metro] might reasonably adopt to accomplish it". *Mullane v Central Hanover Bank & Trust Co,* 339 US 306, 315; 70 S Ct 652; 94 L Ed 865 (1950). *Cf. Adams, supra.*

Plaintiff argues that reversal would be futile, since the taxes have not yet been paid. This assertion lacks merit, for if the notice was insufficient, the transfer of title to the city is void. See *Niles v Walker,* 4 Mich 641 (1857). In addition, Metro would at least be entitled to the "constitutionally required opportunity for hearing and redemption". *Dow, supra,* 212. Metro's knowledge of a tax delinquency is not equivalent to notice of a foreclosure proceeding. *Adams, supra,* 103 S Ct 2712; 77 L Ed 2d 188. It is also noteworthy that at the hearing below plaintiff refused to admit the possibility of late payment of the taxes, resting on its contention that "the city of Detroit owns the property".

"Difficulties anticipated in giving notice and affording an opportunity for a hearing do not justify dispensing with notice and hearing requirements." *Dow, supra,* p 211. Thus, the burden placed on the city by reversing this case would not be a heavy one. A simple check of the county records would have revealed Metro's interest in the property and its address. *Cf. Adams, supra,* 103 S Ct 2711, fn 4; 77 L Ed 2d 187, fn 4, where the Court stated: "We do not suggest * * * that a governmental body is required to undertake extraordinary efforts to discover the identity and whereabouts of a mortgagee *whose identity is not in the public record"*. (Emphasis added.)

Accordingly, the judgment of default is set aside and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.