BUCKLEY LAND CORPORATION v DEPARTMENT OF NATURAL
RESOURCES

Docket No. 103854. Submitted November 8, 1988, at Lansing. Decided
February 28, 1989. Leave to appeal denied, 433 Mich 875.

Buckley Land Corporation is a corporation whose shareholders
are beneficiaries of a trust established by Edward Buckley, a
Manistee resident who died in 1927. After his death, Mr.
Buckley's real property was placed in the trust. During the tax
sales of 1940, much of the property was bid in by the State of
Michigan. The only notice given regarding the tax sales and
the period of redemption was by publication in local newspa-
pers located in the counties where the property was located.
Title was recorded in 1942. In 1972 the Manistee County
Probate Court distributed the trust's interest in the real prop-
erty to the shareholders of the Buckley Land Corporation, who
transferred their interests to the corporation. In 1985, Buckley
Land Corporation brought an action in the Ingham Circuit
Court against the Department of Natural Resources to quiet
title to all of Edward Buckley's real property which the state
bid in at the tax sales and which is still held by the state or the
department and to recover the amount by which the state has
been unjustly enriched by having title to the property. The
court, Peter D. Houk, J., granted defendant's motion for sum-
mary disposition on the basis that the suit was barred by the
statute of limitations. Plaintiff appealed.

The Court of Appeals *held:*

The action is governed by a ten-year limitation period, which
began to run in 1942, the year the state had prima facie valid
title. The court properly granted summary disposition.

Affirmed.

*Murray & Pawlowski* (by *George E. Pawlowski*
and *Steven L. Maas*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Thomas J. Emery*
and *Michael C. McDaniel,* Assistant Attorneys
General, for defendant.

Before: MACKENZIE, P.J., and WEAVER and E. A. QUINNELL,* JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order granting summary disposition in favor of defendant. We affirm.

Because plaintiff's issues concerning collateral estoppel, laches, adverse possession and perfection of title were not addressed by the trial court, we do not address them on appeal. *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672, 685; 423 NW2d 311 (1988).

We disagree with plaintiff's argument that the trial court erroneously granted summary disposition on the basis that plaintiff's suit was barred by the statute of limitations. Under current Michigan law it is true that notice of a tax sale is constitutionally defective if merely given by publication in the county where the property is situated and that tax deeds issuing from defective tax sales are deemed void. *Dow v Michigan,* 396 Mich 192, 208-212; 240 NW2d 450 (1976); *Detroit v John J Blake Realty Co,* 144 Mich App 432, 437; 376 NW2d 114 (1984). However, this was not so at the time of sale to the State of Michigan, and the county-publication notice procedures then in use were subsequently validated by the Michigan Supreme Court in *Golden v Auditor General,* 373 Mich 664; 131 NW2d 55 (1964).

The land at issue was sold for unpaid property taxes in 1940 and purchased by the State of Michigan in 1942. The state complied with existing procedures for the tax sales, which procedures were deemed proper until *Golden, supra* was overruled by *Dow, supra,* some thirty-four years after the tax sales occurred. Because the tax deeds of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1942 were prima facie valid, the ten-year limitation period began running at that time. MCL 600.5801; MSA 27A.5801. See also *Fitschen v Olson,* 155 Mich 320, 323-324; 119 NW 3 (1909). Upon completion of the ten-year period, the state's title was no longer open to question. See *Toll v Wright,* 37 Mich 93 (1877).

Michigan favors only limited retroactivity when overruling prior law, the retroactive effect of a decision generally being limited to parties before the court and to pending cases. *Tebo v Havlik,* 418 Mich 350, 360-361; 343 NW2d 181 (1984), reh den 419 Mich 1201 (1984). See also Moody, *Retroactive Application of Law-Changing Decisions in Michigan,* 28 Wayne Law Review 439, 508 (1982). Reliance on an old rule, as occurred here, is a strong factor favoring limited retroactivity of an overruling decision. 418 Mich 362-363. In light of the state's proper application of existing notice procedures, exhaustion of the limitation period in 1952, and the Michigan Supreme Court's declaration of procedural validity in 1964, it would be unreasonable to retroactively apply the later ruling in *Dow, supra,* some thirty-four years after the fact of a valid sale, twenty-four years after the limitations period had run, and twelve years after the declaration of procedural validity.

Therefore we find that the trial court properly granted defendant's motion for summary disposition on grounds that plaintiff's action was barred by the statute of limitations, MCL 600.5801; MSA 27A.5801. MCR 2.116(C)(7).

Affirmed.