766 F.2d 261
 54 USLW 2061, 13 Bankr.Ct.Dec. 498, Bankr.
L. Rep. P 70,634
 In the Matter of PARK NURSING CENTER, INC., Debtor.
CREDITORS COMMITTEE OF PARK NURSING CENTER, INC., Plaintiff-Appellee,
v.
Richard SAMUELS, Defendant-Appellant.
 No. 83-1261.
 United States Court of Appeals,
Sixth Circuit.
 Argued Aug. 21, 1984.
Decided July 5, 1985.
 
 Imants M. Minka, argued, Carl G. Becker & Associates, Southfield, Mich., for defendant-appellant.
 Michael S. Leib, argued, Detroit, Mich., for plaintiff-appellee.
 Before ENGEL and MERRITT, Circuit Judges, and WISEMAN, District Judge.*
 MERRITT, Circuit Judge.
 
 
 1
 In this constitutional challenge under the Due Process Clause to Bankruptcy Rule 704(c)(1),[1] defendant-appellant Samuels raises a question of first impression concerning service of process. He argues that bankruptcy service of process by first-class mail instead of by personal service, as provided in the rule, violates the Due Process Clause of the Fifth Amendment because it provides insufficient notice of adversary proceedings and too much room for error. We hold that there is no constitutional notice defect in the rule.
 
 I.
 
 2
 The Creditors' Committee of Park Nursing Center, Inc. obtained an order in Chapter 11 proceedings on October 5, 1981, permitting the Committee to institute adversary proceedings against Samuels claiming preferential transfers by Park Nursing Center, Inc. to him. On October 14, 1981, in accordance with Rule 704(c)(1), the Committee sent Samuels a copy of the summons and complaint by first-class mail addressed to 4600 Larme, Allen Park, Michigan, Samuels' wife's residence and Samuels' last known address. At this time Samuels was separated from his wife. The record shows that Samuels submitted a change of address form to the U.S. Post Office changing his mailing address from 4600 Larme to Samuels' business address at 23900 Outer Drive, Melvindale, Michigan. During October, 1981, mail addressed to Samuels at the Larme address was forwarded to Samuels' business address.
 
 
 3
 Samuels failed to appear, and on May 17, 1982, a default judgment for the amount of $34,200.00 was entered against him. On August 13, 1982, Samuels filed a motion for relief against the default judgment. The Bankruptcy Judge held that Bankruptcy Rule 704(c)(1) meets the due process requirements of the Fifth Amendment and that Samuels failed to show that he had a meritorious defense to the action. On appeal the District Court affirmed the Bankruptcy Court's decision upholding the constitutionality of Bankruptcy Rule 704(c)(1).
 
 
 4
 In the bankruptcy court, in the District Court, and again before us, Samuels has taken the position that service of process by first-class mail within the judicial district is unconstitutional whether notice is received or not. Because he maintains that a bankruptcy court cannot obtain personal jurisdiction over persons living within its judicial district by any means short of personal service, he has argued that he could have ignored the summons and complaint even if he had received them. Moreover, he has chosen to make no attempt at showing a meritorious defense to the action; instead, he has relied upon his claim that the court lacked jurisdiction.
 
 II.
 
 5
 The question before us is whether Bankruptcy Rule 704(c)(1) permitting service of process by first class mail satisfies the constitutional requirements of procedural due process, a serious problem since notice is an essential element of due process, as this Court recently observed in Lindsey v. Greene, 649 F.2d 425, 426 (6th Cir.1981), aff'd Greene v. Lindsey, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982):
 
 
 6
 Federal Courts have long held that procedural due process requirements come into play when government power is used to deprive a person of an interest, derived from the common law, in the peaceful possession and use of real property. Notice of suit and an opportunity to be heard is an essential element of a judicial proceeding, distinguishing it from the exercise of arbitrary power.
 
 
 7
 In general, the constitutional standard regarding notice is found in Mullane v. Central Hanover Bank & Trust Company, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In Mullane the Supreme Court held that whether a particular form of notice satisfies due process requirements depends on whether that form of notice "is in itself reasonably certain to inform those affected...." Id. at 315, 70 S.Ct. at 657. "[N]otice must be such as is reasonably calculated to reach interested parties." Id. at 318, 70 S.Ct. at 659. The Supreme Court has thus established a balancing procedure in which costs and efficiency considerations are balanced against the probability that a procedure will effectuate notice.
 
 
 8
 What is needed in bankruptcy proceedings is a form of notice which is likely to achieve actual notice in a large volume of cases but is not overly expensive or time consuming. Bankruptcy proceedings occupy a large and important place in our federal judicial system. In 1983 there were 490,717 petitions filed in bankruptcy court, and of the 842,229 bankruptcy proceedings pending, 123,442 were adversary proceedings. Fed.Jud. Workload Statistics 19-21 (March 31, 1984).
 
 
 9
 A rule of notice in bankruptcy proceedings is adequate if it meets the following conditions in addition to cost-effectiveness. The rule must reasonably be calculated to achieve actual notice, and there must be an available procedure, either as part of the rule, or as part of the general rules of civil procedure under which a person who fails to receive notice, through no fault of his own, has some available remedy for setting aside the judgment of default entered against him. If first class mail fails to give Samuels actual notice through no fault of his own, and if the default judgment entered against him were automatically irrevocable, then Samuels would have a strong argument that his procedural due process rights are in jeopardy. But that circumstance is not the case here.
 
 
 10
 The procedural process due a person should be determined by evaluating the entire procedural system, the entire corrective process that is available to him, not just one isolated rule. Hudson v. Palmer --- U.S. ----, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). See Ingraham v. Wright, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); Vicory v. Walton, 721 F.2d 1062 (6th Cir.1983). The rule in question must be viewed against the backdrop of other available procedures for remedying any defects or limitations in the rule. Bankruptcy Rule 704(c)(1) satisfies due process requirements when interpreted in light of other remedies: namely, Federal Rules of Civil Procedure 55(c) and 60(b).[2] The careful use of these three rules constitutes due process. If a default judgment in bankruptcy proceedings is entered against an individual who, through no fault of his own, failed to receive actual notice by first-class mail, then that judgment should be set aside under these rules upon a showing of meritorious defense. Thinking of the procedural process in bankruptcy proceedings as including Bankruptcy Rule 704(c)(1) and Federal Rules of Civil Procedure 55(c) and 60(b)(1) & (6) provides a means for remedying the failure of first class mail to effect notice.
 
 
 11
 Samuels gives four reasons why Rule 704(c)(1) is constitutionally deficient. First, minimal standards of due process require personal service. Second, Rule 704(c)(1) fails to require that better methods of serving notice, or methods more likely to effectuate service, be tried before or after resorting to first-class mail. Third, there are no safeguards required for insuring that the defendant receives the first-class letter. Finally, under Rule 704(c)(1) the address on the envelope need not be correct.
 
 
 12
 There is no authority for Samuels' contention that personal service is always required in bankruptcy proceedings. Mullane does not require the very best means of serving process, only a means that is reasonably calculated to reach the party. Samuels' second, third and fourth arguments are accommodated by the approach we adopt. If an individual can show that first class mail has not effected actual notice, through no fault of his own, the default should be vacated upon a showing that a meritorious defense exists.
 
 
 13
 The requirement that the defendant demonstrate a meritorious defense in order to obtain relief under Rule 55(c) and Rule 60(b) is well established in federal law. See, e.g., United Coin Meter v. Seaboard Coastline Railroad, 705 F.2d 839, 845 (6th Cir.1983); Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir.1980); Ben Sager Chemicals International, Inc. v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir.1977); Central Operating Co. v. Utility Workers of America, 491 F.2d 245, 252 (4th Cir.1974); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir.1970). In United Coin Meter our court held that " '[l]ikelihood of success is not the measure' " (quoting Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C.Cir.1980)), of whether a defaulted defendant has a meritorious defense. "Rather, if any defense relied upon states a defense good at law then a meritorious defense has been advanced." 705 F.2d at 845. We read this to mean that the test is not whether the defendant will win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true.
 
 
 14
 There is, it is true, some precedent suggesting that the requirement of a meritorious defense should not apply when relief is sought under Rule 60(b)(4) because the judgment is void. Textile Banking Co. v. Rentschler, 657 F.2d 844 (7th Cir.1981). According to the Seventh Circuit's rule, if the manner of service of process is unconstitutional, the District Court would be required to set aside the default judgment without a showing of a meritorious defense by the defendant. Certainly when the judgment is void altogether, it is difficult to fault the Seventh Circuit's position. Here the judgment is not void on its face. The first class mail rule is not invalid on its face. It is necessary to look at the facts to determine the fairness of notice. In such a situation there is no unfairness in requiring defendant to plead a defense which, if true, would be meritorious.
 
 
 15
 In the bankruptcy court, in the District Court and again before us on appeal, Samuels deliberately chose not to assert any defense to the underlying action. Instead, he relied solely upon his constitutional argument. He maintains that he need not show a meritorious defense because the court did not have jurisdiction over him. In short, he gambled that Bankruptcy Rule 704(c)(1) would be held unconstitutional. We decline to so hold.
 
 
 16
 Accordingly, the judgment of the District Court is affirmed.
 
 
 17
 ENGEL, Circuit Judge, concurring.
 
 
 18
 I fully agree with the majority that requirements of due process were met in this case and that, therefore, the judgment of the district court should be affirmed. I write separately to express my feeling that the constitutionality of Bankruptcy Rule 704(c)(1) does not depend upon the availability of relief under Fed.R.Civ.P. 55(c) and 60(b).
 
 
 19
 The majority states in part II of its opinion:
 
 
 20
 A rule of notice in bankruptcy proceedings is adequate if it meets the following conditions in addition to cost-effectiveness. The rule must reasonably be calculated to achieve actual notice, and there must be an available procedure, either as part of the rule, or as part of the general rules of civil procedure under which a person who fails to receive notice, through no fault of his own, has some available remedy for setting aside the judgment of default entered against him. If first class mail fails to give Samuels actual notice through no fault of his own, and if the default judgment entered against him were automatically irrevocable, then Samuels would have a strong argument that his procedural due process rights are in jeopardy. But that circumstances is not the case here.
 
 
 21
 The basic constitutional rule as formulated by the Supreme Court in Mullane v. Central Hanover Bank & Trust, 339 U.S. 306, 318, 70 S.Ct. 652, 659, 94 L.Ed. 865 (1950), is that "notice must be such as is reasonably calculated to reach interested parties." The majority opinion appears to add a new requirement in order to satisfy due process. To me it is sufficient to say that Bankruptcy Rule 704(c)(1) is constitutional on its face. In other words, the procedure established by the rule is constitutionally correct in the setting in which it is intended to operate, that is, when the bankruptcy court itself either sends or directs the sending of notice by first class mail. This assumes that the notice has been properly addressed and sent to the last known address. Under these circumstances, I believe that first class mail is sufficiently reliable to satisfy the Mullane standard.
 
 
 22
 Although I agree that courts should apply Rules 55(c) and 60(b) liberally when considering motions to set aside entry of a judgment by default, I think that the issue of relief under those rules is separate from the constitutional question. In this case Samuels chose not to bring himself within the requirements for relief under Rules 55(c) and 60(b).
 
 
 23
 The point of difference between me and the majority may seem minor; however, I am concerned that the impact of the majority's language may be far broader than the facts of this case justify. I would prefer to hold simply that good faith compliance with Rule 704(c)(1) in the context of bankruptcy proceedings comports with constitutional due process. Fed.R.Civ.P. 55(c) and 60(b), while very salutary in their own right, do not in my opinion add anything to the constitutionality of Bankruptcy Rule 704(c)(1).
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief Judge of the United States District Court for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 Bankruptcy Rule 704(c)(1) states:
 Service of summons, complaint, and notice of trial or pre-trial conference may also be made within the United States by first-class mail postage pre-paid as follows:
 (1) Upon an individual other than an infant or an incompetent, by mailing a copy of the summons, complaint, and notice to his dwelling house or usual place where he regularly conducts his business or profession.
 
 
 [2]
 The relevant part of Rule 55(c) reads:
 Setting Aside Default. For good reason shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).
 Rule 60(b) states:
 Mistakes; Inadvertance; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On a motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertance, surprise, or excusable neglect; ... (6) any other terms justifying relief from the operation of the judgment.