Approved Attorney for                         Approved Attorney for  _Pete Hodgins_
Plaintiffs:                                   Defendants:

_____         _____  _____

Other Parties

_____         _____  _____

_~Nancy E. Hodgins~_              _____  _____

_~Rick Egner~_                    _____  _____

_signed contingent upon bank providing confidentiality of Runspf Judgments,_
Approved Attorney for: _court_                 Approved Attorney for:
          _Bill Stephens_
           _Signing_

_____         _____  _____

In re Thomas A. COUTS, Individually           United States Bankruptcy Court,
and d/b/a American Carpet                          E.D. Michigan,
Cleaning, Debtor.                              Southern Division.

Richard and Janice MEGANCK,                       Oct. 27, 1995.
Plaintiffs,

v.

Thomas A. COUTS, Individually
and d/b/a American Carpet
Cleaning, Defendant.

Bankruptcy No. 95–40450.
Adv. No. 95–4205.

Craig Schwartz, Troy, Michigan, for Plaintiffs.

Mark Chessman, Warren, Michigan, for Defendant.

## SUPPLEMENTAL OPINION

STEVEN W. RHODES, Chief Judge.

On September 5, 1995, this Court gave a bench opinion denying a motion to set aside default and default judgment filed by Thomas A. Couts, the debtor. This written opinion supplements that bench opinion.

### I.

Prior to the bankruptcy case, in September of 1993, plaintiffs Richard and Janice Meganck sued the debtor in state court. The complaint alleged the debtor's fraud, including false and misleading representations, in connection with a contract for the sale and installation of carpeting for their home, for which the plaintiffs made a $3,000 deposit. A $3,000 consent judgment was entered against the debtor on all counts of that complaint on February 14, 1994.

The debtor, individually and as American Carpet Cleaning, filed a petition for chapter 7 relief on January 17, 1995. The plaintiffs in turn initiated this adversary proceeding to determine the dischargeability of the $3,000 judgment under 11 U.S.C. § 523(a)(2)(A). The present complaint contains essentially the same allegations of fraud and breach of

contract as the state court complaint. The plaintiffs served a copy of the summons and a complaint on the debtor's attorney on March 20, 1995. The chapter 7 trustee was also served. However, the debtor himself was not served.

The debtor did not answer or otherwise respond to the complaint. The 30 day period for answering passed,[1] and a default for failure to timely plead or defend was entered by the clerk of the court on April 27, 1995.[2] The plaintiffs then moved for entry of a default judgment pursuant to Local Bankruptcy Rule 2.19 and Federal Rule 55. The debtor's attorney was served with a copy of the motion and a notice of opportunity to respond on May 11, 1995. When the debtor did not respond, the plaintiffs filed a certificate of no response on May 25, 1995. Judgment by default was entered against the debtor on June 1, 1995.

Forty-nine days later, the debtor appeared for the first time in the proceeding and filed the present motion. The debtor argues that the default and default judgment should be set aside on the ground that the plaintiffs' summons and complaint were never served upon the debtor as required by Bankruptcy Rule 7004(b)(9).[3] Additionally, the debtor seeks dismissal of the adversary proceeding on the ground that 120 days had passed since the filing of the complaint without service upon the debtor.[4]

In response to the debtor's arguments, five days after the debtor filed his motion and 127 days after the filing of the complaint, the plaintiffs served the debtor with all previous pleadings.[5] The plaintiffs contend that the motion to set aside the default and default judgment should be denied because the debtor had actual knowledge of the suit and has not been prejudiced.

Thus, the issue is whether the default and default judgment should be set aside due to the plaintiffs' failure to properly serve the debtor.

## II.

■ Both parties argue, incorrectly, that the sole issue is whether good cause exists to set aside the default. Federal Rule 55 specifically states: "For good cause shown the court may set aside an entry of default *and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).*" (Emphasis added.) Here, a default *judgment* has been entered. Therefore, the requirements of Federal Rule 60(b) must be met.

Federal Rule 60(b) provides, in pertinent part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

■ While the decision to set aside a default judgment is left to the discretion of the trial judge, the Sixth Circuit has established

---

1. Bankruptcy Rule 7012(a).

2. Federal Rule 55(a), made applicable to adversary proceedings in bankruptcy cases by Bankruptcy Rule 7055.

3. Federal R. Bankr.P. 7004(b)(9) provides that service is to be made
   [u]pon the debtor, after a petition has been filed by or served upon the debtor, and until the case is dismissed or closed, by mailing copies of the summons and complaint to the debtor at the address shown in the petition or statement of affairs ... *and,* if the debtor is represented by an attorney, to the attorney at the attorney's post-office address.
   (Emphasis added.)

4. Federal Rule 4(j), as incorporated by Bankruptcy Rules 7004(a) and (g).

5. Although not raised by either party, it is unclear from the record whether a new summons was issued and served upon the defendant, as the original summons had expired 10 days following issuance, under Bankruptcy Rule 7004(f).

**952**

standards for making that decision. In *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir.1983), the Sixth Circuit stated:

In considering a motion to set aside entry of a judgment by default a district court must apply Rule 60(b) "equitably and liberally . . . to achieve substantial justice." *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir.1980) (per curiam). Judgment by default is a drastic step which should be resorted to only in the most extreme cases. Where default results from an honest mistake "rather than willful misconduct, carelessness or negligence" there is especial need to apply Rule 60(b) liberally. *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir.1981). We agree with the Third Circuit that the three factors which control the decision of a Rule 55(c) motion to set aside entry of default also apply to a Rule 60(b) motion to set aside entry of a judgment by default:

. . . .

"1. Whether the plaintiff will be prejudiced;

2. Whether the defendant has a meritorious defense; and

3. Whether culpable conduct of the defendant led to the default."

[*Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.1982).]

*United Coin*, 705 F.2d at 844–45.

The *United Coin* case turned on the meritorious defense factor. The district court had applied a "likelihood of success" standard in determining whether the defendant had a meritorious defense. *See Id.* at 845–46. The Sixth Circuit found that standard to be erroneous and reversed, concluding, "In determining whether a defaulted defendant has a meritorious defense '[l]ikelihood of success is not the measure.' Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Id.* (quoting *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C.Cir.1980)).

The standards articulated in *United Coin* were applied to an adversary proceeding in a bankruptcy case in *Creditors Committee of Park Nursing Center, Inc. v. Samuels (In re Park Nursing Center, Inc.)*, 766 F.2d 261 (6th Cir.1985). In *Park Nursing*, Samuels, a creditor and defendant in a preferential transfer action brought by the creditors' committee, moved for relief from default judgment, challenging the first-class mail notice provision of Bankruptcy Rule 704(c)(1) (now 7004(b)(1)). The creditors' committee had sent Samuels a copy of the summons and complaint by first-class mail to Samuels' wife's residence, Samuels' last known address. *Park Nursing*, 766 F.2d at 262. At the time, Samuels had separated from his wife and submitted a change of address with the post office. *Id.* Mail addressed to Samuels at his wife's residence should have been forwarded. However, Samuels failed to respond to the complaint, and eventually a default judgment was entered against him. *Id.* The bankruptcy judge rejected Samuels' due process argument and held that Samuels failed to show he had a meritorious defense to the action. *Id.* The district court affirmed. *Id.*

The Sixth Circuit also affirmed, finding that the first-class mail notice provisions of the bankruptcy rules satisfied due process requirements in light of Federal Rules 55(c) and 60(b). *Id.* at 263. According to the Sixth Circuit, "If a default judgment in bankruptcy proceedings is entered against an individual who, through no fault of his own, failed to receive actual notice by first-class mail, then that judgment should be set aside under these rules upon a showing of meritorious defense." *Id.* Throughout the proceedings in *Park Nursing*, Samuels deliberately did not assert any defense to the underlying action, electing instead to rely solely upon the constitutional argument. *Id.* at 264. According to the court, in maintaining that he need not show a meritorious defense because the bankruptcy court lacked jurisdiction, Samuels gambled that the first-class mail notice rule would be held unconstitutional. *Id.* Ultimately, it was a gamble which did not pay off.

## III.

In light of the foregoing, in exercising its discretion in the present case, the Court considered the following:

At the September 5, 1995 hearing on this motion, the debtor's counsel told the Court that he had been served with the plaintiffs' summons and complaint; that he and the debtor discovered that the debtor himself had not been served; and that a deliberate tactical decision was made to utilize a "procedural defense." The debtor's counsel admitted that he was aware that the plaintiffs were in the process of obtaining a default judgment, and that on or about June 20, 1995, he became aware that judgment by default had indeed been entered. The debtor's counsel also admitted that he deliberately waited until 120 days passed before filing the present motion, so that there would be grounds to have the case dismissed after the default and the default judgment were set aside.

The Court reviewed the pertinent portions of *United Coin Meter* with the debtor's counsel, and asked why there was no affidavit of meritorious defense accompanying the motion to set aside the default judgment. The debtor's counsel's reaction was that *United Coin Meter* was not on point. In response to further questioning, the debtor's counsel conceded he did not feel the debtor had a meritorious defense; otherwise, he explained, he would not have adopted the procedural strategy.[6] The debtor's counsel maintained that all discussion concerning a meritorious defense was irrelevant, given that the plaintiffs failed to satisfy the due process requirement of service upon the debtor.

## IV.

■ It is clear that the debtor failed to receive notice by first-class mail as provided by Bankruptcy Rule 7004(b)(9). Although the debtor's counsel's argument demonstrates actual knowledge of the complaint on the part of the debtor, actual knowledge of a suit is not a substitute for proper service of process and does not cure a technically defective service of process. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1155–56 (6th Cir.1991).

■ However, the analysis does not end, as the debtor would have it, with a finding of defective service. Defective service might constitute good cause sufficient to set aside the *entry* of a default. But this case progressed past that point, and the default has become final as a *judgment* as a result of a deliberate strategy by the debtor. Therefore, the Court is bound to exercise its discretion in light of the factors enumerated in the *United Coin Meter* and *Park Nursing* cases. At the very least, these cases require that in order to set aside a default judgment, the defendant must make a showing of meritorious defense. It is on this point that the debtor's argument fails.

■ Like the defendant Samuels in the *Park Nursing* case, the debtor here gambled. He took a calculated risk based upon a technical reading of the Federal Rules, in deliberately choosing to rely solely on a due process argument while maintaining he did not need to make a showing of a meritorious defense in order to have the default judgment set aside. The debtor's chosen strategy ignores applicable and binding precedent concerning default judgments.

Accordingly, the debtor's motion to set aside the default judgment is denied.

---

6. *But cf. In re Manuel,* 76 B.R. 105 (Bankr. E.D.Mich.1987). (Discussing the collateral estoppel and res judicata effect of state court consent judgments in Michigan, and holding that a prior state court consent judgment dismissing a fraud claim with prejudice did not preclude relitigation in a proceeding to determine dischargeability).