### In re SOUTHERN INDUSTRIAL BANKING CORPORATION, Debtor.

**Thomas E. DuVOISIN, Liquidating Trustee, Plaintiff/Appellee,**

v.

**Mary Lou ARRINGTON, Defendant,**

and

**Onley Pressley, Defendant/Appellant.**

No. 3:94–cv–0255.

United States District Court, E.D. Tennessee, at Knoxville.

March 6, 1996.

Michael W. Ewell, Frantz, McConnell & Seymour, Knoxville, TN, and Robert M. Bailey, Bailey, Roberts & Bailey, Knoxville, TN, for Plaintiff/Appellee.

George F. Legg and Becky Hurd Halsey, Stone & Hines, Knoxville, TN, for Defendants.

Mary L. Arrington, Asheville, NC, pro se.

### MEMORANDUM OPINION

JORDAN, District Judge.

This is an interlocutory appeal under 28 U.S.C. § 158(a)(3) and Bankr.R. 8001(b) from an order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Bankruptcy Judge John C. Cook presiding. The procedural background of this appeal is related intimately to the issues presented, and so it is necessary to review this background in some detail.

The plaintiff/appellee liquidating trustee, Mr. DuVoisin, commenced in 1985 the adversary proceeding out of which this appeal arises. In his complaint, Mr. DuVoisin, as the liquidating trustee for the creditors' liquidating trust created by the modified plan of reorganization of the debtor SIBC, which had been a Tennessee industrial loan and thrift company before its bankruptcy, sought to recover as preferences the amounts paid to the defendants for investment certificates cashed in within 90 days before SIBC became a debtor in bankruptcy. The substantive issues framed by Mr. DuVoisin's complaint are not before this court in this appeal.

Upon the commencement of this adversary proceeding, the clerk of the bankruptcy court below issued summons addressed to the defendants at "Rt. 2, Box 223 G / Spring City, TN 37381." A member of the plaintiff/appellee liquidating trustee's staff served this summons on February 26, 1985, by "placing the same in the United States mail, first-class, postage prepaid," addressed to the defendants at this Spring City address. In serving process in this manner, Mr. DuVoisin was relying on Bankr.R. 7004(b)(1), which authorizes, in addition to the methods of service authorized by Fed.R.Civ.P. 4(c)(2)(C)(i) and (d) in the version of Rule 4 in effect on January 1, 1990, service upon an individual other than an infant or incompetent within the United States by first class mail, postage prepaid, "by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or

to the place where the individual regularly conducts a business or profession."

Neither of the defendants appeared, by counsel or *pro se*, in this adversary proceeding, and so, after the passage of some time, the plaintiff/appellee moved the bankruptcy court below to enter the defendants' defaults, and to award judgment by default against them. It should be noted that Mr. DuVoisin supported his motion by his own affidavit, to which were exhibited copies of the investment certificates issued to Onley Pressley or Mary Lou Arrington, one dated August 10, 1982, and showing the certificate holders' address as "129 Pearson Dr. Ashville, NC 28806," and the other dated October 22, 1982, and showing their address as "Rt. 2, 223 G Box, Spring City, Tennessee 37381."

In 1989, Mr. DuVoisin filed a revised motion for entry of the defendants' defaults and for judgment by default against them. The clerk of the bankruptcy court entered the defendants' defaults, and on February 23, 1990, the bankruptcy court entered judgment by default in favor of Mr. DuVoisin against the defendant/appellant Mr. Pressley.[1]

However, the evidence shows that Mr. Pressley never received the process served on him upon the commencement of the adversary proceeding. The Asheville, North Carolina address shown on one of the investment certificates was Mr. Pressley's residence, and had been for many years. While he was working on one or more long-term construction projects in Tennessee, Mr. Pressley lived at the Spring City and other addresses in Tennessee, but frequently returned to his Asheville home on weekends. At the Spring City address, Mr. Pressley lived in a travel trailer in a trailer court; according to his affidavit filed in the bankruptcy court below, Mr. Pressley did not stay at the Spring City address after February 26, 1985. The defendant/appellant has a vague memory of having received one demand letter from Mr. DuVoisin addressed to the Spring City address, but did not receive any other correspondence, and did not receive the process served on him by first class mail.

Mr. Pressley learned of the entry of judgment by default against him, according to his motion to set aside the judgment and other papers filed by him in the Bankruptcy Court for the Western District of North Carolina, in April 1991, when Mr. DuVoisin first sought to enforce his judgment against Mr. Pressley, in the Superior Court of Buncombe County, North Carolina. The proceeding in the superior court ended in a voluntary dismissal, and, early in 1993, Mr. DuVoisin commenced proceedings in the North Carolina bankruptcy court to execute on the judgment. Mr. Pressley responded by moving to set aside the judgment on the ground that he had not been served with process.

After a hearing, and a second hearing on a motion to clarify the court's ruling, the Bankruptcy Court for the Western District of North Carolina found, as stated in its order dated June 30, 1993, that "neither Defendant received notice of the proceedings against them until April, 1991, when Defendants were notified of Plaintiff's attempt to register a foreign judgment in Buncombe County, North Carolina," and that neither defendant had been served with process in the adversary proceeding as of May 20, 1993, when the North Carolina bankruptcy court conducted its first hearing. The North Carolina bankruptcy court therefore set aside the judgment by default against the defendants, deemed the defendants to have been served with process in the adversary proceeding as of June 30, 1993, and instructed the defendants to respond to Mr. DuVoisin's complaint in the Bankruptcy Court for the Eastern District of Tennessee within 30 days.

Upon appeal, the United States District Court for the Western District of North Carolina affirmed the order of the North Carolina bankruptcy court. The North Carolina district court held that the bankruptcy court properly conditioned its order setting aside the judgment by default on the requirement that the defendants be deemed to have been served with process during the proceeding

---

1. The defendant Onley Pressley is the only defendant who filed a motion for leave to appeal and a notice of appeal in this case.

before the bankruptcy court. The North Carolina district court noted that the defendants would be able to assert any defenses available to them, including any limitations defense, in their responsive pleadings filed in the Tennessee bankruptcy court.

The Court of Appeals for the Fourth Circuit dismissed Mr. DuVoisin's appeal from the North Carolina district court's order, holding that an order setting aside a default judgment is a nonappealable interlocutory order.

The controversy between these parties returned to its original forum, the Bankruptcy Court for the Eastern District of Tennessee. In January 1994, the Tennessee bankruptcy court, on Mr. DuVoisin's motion, issued alias summons for service on the defendants. After the service of an alias summons, the defendant/appellant Mr. Pressley moved to quash the writ of execution issued in the adversary proceeding and to dismiss the proceeding for lack of jurisdiction of his person, insufficiency of process, insufficiency of service of process, and failure to state a claim on which relief can be granted. Mr. Pressley relied specifically on Bankr.R. 7004(a) and Fed.R.Civ.P. 4(j)[2] to argue for dismissal on the ground of the plaintiff/appellee's failure to serve process on him within 120 days after the commencement of the adversary proceeding.

Bankruptcy Judge John C. Cook heard the parties' arguments on this motion on March 15, 1994. Judge Cook, in ruling from the bench on the issue, noted that the applicable rule, Bankr.R. 7004(b)(1), permits service of process by first class mail, and that in the adversary proceeding, "[t]he complaint and summons were served upon the defendant at the defendant's last known address as reflected in the second investment certificate obtained from SIBC," but that "[t]he complaint and summons were not returned to the Trustee, so the Trustee assumed that service

was effectuated." Judge Cook ruled that Mr. DuVoisin had no reason to believe that service of process had not been effective when originally issued, and so ruled that the plaintiff/appellee liquidating trustee had shown good cause for not serving process in the adversary proceeding between the commencement of it and the date when the bankruptcy court in North Carolina deemed the defendants to have been served. The bankruptcy court below therefore entered an order denying the motion to quash and to dismiss.

The defendant/appellant Mr. Pressley then sought leave to pursue an interlocutory appeal from this order of the bankruptcy court below. This district court granted leave to appeal, staying proceedings in the adversary proceeding proper (withdrawn to this court as a separate civil action in light of a demand for trial by jury) pending a ruling on appeal on this issue concerning service of process.

Once this case on appeal was pending before this court, the plaintiff/appellee liquidating trustee challenged this court's statement, made in the course of considering the motion for leave to appeal, that "[i]t is undisputed that years elapsed between the commencement of the adversary proceeding in the bankruptcy court and the service of process on the defendants." In its memorandum and order filed on April 26, 1995 [doc. 9], this court stated that this was not intended to be a binding finding of fact, and that the plaintiff/appellee would remain free to argue that the original service of process attempted soon after the commencement of the adversary proceeding was effective. The parties then submitted a joint statement of the issues on appeal [doc. 11], stating three issues:

1. Whether service of a Summons and Complaint by first-class mail to a defendant's last known address is proper service under Fed.R.Bankr.Pro. 7004(b)(1) where defendant no longer resides at the address

2. Bankr.R. 7004(g) provides that the provisions of Fed.R.Civ.P. 4 incorporated by the bankruptcy rule are the provisions in effect on January 1, 1990. On January 1, 1990, Fed.R.Civ.P. 4(j) provided in part,

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party

on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

A similar provision is now stated in Fed.R.Civ.P. 4(m).

to which the Complaint is mailed and plaintiff has in its possession, and does not utilize a second address which is defendant's dwelling house or permanent place of abode.

2. Whether plaintiff's mailing of the Summons and Complaint to one of the addresses contained in its file constitutes good cause for failure to effect service within the one hundred twenty (120) day period required by Bankruptcy Rule of Procedure 7004 and Fed.R.Civ.P. 4(j) where no response was forthcoming.

3. Whether the North Carolina Bankruptcy Court's decision deeming the defendant-appellant served with process moots the present appeal.

■ Taking up the third issue first, the court respectfully disagrees with Mr. DuVoisin's mootness argument. A close review of the proceedings in North Carolina shows that the bankruptcy court there was careful to avoid ruling on the issue whether the deemed service of process as of the date of the first hearing before that court constituted timely service of process. The North Carolina bankruptcy court confined itself to setting aside the default judgment awarded by the Tennessee bankruptcy court, setting the judgment aside under Bankr.R. 9024 and Fed.R.Civ.P. 60(b) (see also Fed.R.Civ.P. 55(c)), and relying on its power under the "upon such terms as are just" language of Rule 60(b) to deem the defendants then and there served. The North Carolina bankruptcy court found specifically that the plaintiff/appellee did not serve process on the defendants before the deemed service of process, but left to the Tennessee bankruptcy court the issue whether the deemed service came too late. This issue, stated more accurately as whether the plaintiff/appellee showed good cause under Bankr.R. 7004(a) and the January 1, 1990, version of Fed.R.Civ.P. 4(j) for not having served process on the defendants earlier (i.e., within 120 days of the filing of the complaint in the adversary proceeding), is precisely the issue which the bankruptcy court below decided, and which is before this court on appeal.

Before reaching this issue, it is necessary to address the first issue stated by the parties, which revisits the North Carolina bankruptcy court's findings. The North Carolina bankruptcy court stated two specific findings in its order: "that neither Defendant received notice of the proceedings against them until April, 1991," and "that service of the summons and complaint had not been made upon either Defendant as of ... 20 May 1993." While this district court indicated in its April 26, 1995, memorandum and order [doc. 9] that the plaintiff/appellee liquidating trustee would be allowed to argue that the earliest service of process attempted by him in this case was effective, this court finds no reason in the record not to uphold the North Carolina bankruptcy court's findings of fact as not clearly erroneous. See Bankr.R. 8013.

This first issue stated by the parties, then, is the legal issue whether under the facts of this case, service by first class mail of the summons and a copy of the complaint on Mr. Pressley at the Spring City, Tennessee, address was effective in spite of the fact that Mr. Pressley never received this process. This court holds, agreeing also with the implicit holding of the North Carolina bankruptcy court, that it was not.

The plaintiff/appellee liquidating trustee relies on the decision in Creditors Committee of Park Nursing Center, Inc. v. Samuels (In the Matter of Park Nursing Center, Inc.), 766 F.2d 261 (6th Cir.1985). The defendant in Park Nursing Center, however, chose to challenge on its face, as violative of the constitutional guarantee of due process, the provision in Bankr.R. 7004(b)(1) for service of process by first class mail.[3] The court of appeals declined to hold the provision unconstitutional, noting that it is reasonably calculated to achieve actual notice, and that there is available a procedure which provides relief from a default judgment for a defendant who fails to receive actual notice through no fault of his own. In Park Nursing Center, the court of appeals held, citing in particular

---

**3.** The rule at issue in Park Nursing Center was former Bankruptcy Rule 704(c)(1), which was in substance the same as Bankr.R. 7004(b)(1).

*Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), that personal service of process is not always required in bankruptcy proceedings. *Park Nursing Center, supra,* 766 F.2d at 264.

*Park Nursing Center* addresses, however, only the constitutionality of the bankruptcy rule's provision for service of process by first class mail, which Mr. Pressley has not challenged in this case. Because the defendant in *Park Nursing Center* chose to attack head-on the constitutional sufficiency of service of process by first class mail in general, the court of appeals did not have before it any issue concerning the sufficiency under the rule of the service made in that particular case. Here, Mr. Pressley argues, and the North Carolina bankruptcy court agreed, that the process which Mr. DuVoisin mailed to the Spring City address was not served in compliance with the rule.

The rule requires, to the extent that it is pertinent to this case, that service by mail be addressed to the defendant's "dwelling house or usual place of abode." In *Rovinski v. Rowe,* 131 F.2d 687 (6th Cir.1942), the Court of Appeals for the Sixth Circuit construed the phrase as it is used in what is now Fed.R.Civ.P. 4(e)(1), which permits, as an alternative to personal service, service upon an individual not an infant or an incompetent person "by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." The defendant in *Rovinski* who challenged service of process had resided from birth to adulthood with his mother in Menominee, Michigan, and had, upon reaching adulthood, traveled extensively as a seaman in the United States Navy, and then as an employee of the Bureau of Marine Inspection and Navigation of the Department of Commerce. During the 20 years after his enlistment in the navy, the defendant had returned to Menominee only to visit his mother, but he considered Menominee his legal residence. He maintained a telephone listing there, kept some clothing and other personal effects there, had a bedroom always ready there, and had never voted anywhere else. The defendant did

not maintain a household of his own anywhere. The court of appeals upheld the district court's finding that the defendant had been effectively served with process at his mother's residence in Menominee, advocating a liberal construction of the rule "to effectuate service where actual notice of suit has been received by the defendant." *Id.* at 689.

In *McFadden v. Shore,* 60 F.Supp. 8 (E.D.Pa.1945), the issue concerned the effectiveness of service on a member of the United States Navy away from home on duty. The district court, citing, *inter alia, Rovinski v. Rowe, supra,* found the weight of authority to be "that where temporary residence is established away from the normal or usual residence the 'place of abode' is the usual residence regardless of the fact that defendant may be occupying the temporary residence at the time of service," at least when the defendant has the *animo revertendi. McFadden v. Shore, supra,* 60 F.Supp. at 9 (citations omitted).

 In applying Fed.R.Civ.P. 4(e)(2)'s "dwelling house or usual place of abode" language to temporary residences, "the cases make it clear that a temporary residence at the time of service is not a person's dwelling place or usual place of abode when a more permanent residence is shown to exist." 4A C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1096 at 75 (1987) (footnote omitted). The North Carolina bankruptcy court's determination that Mr. DuVoisin did not effect service of process on the defendant/appellant at the outset of the adversary proceeding is therefore correct. As that court found, Mr. Pressley did not have actual notice of the adversary proceeding, and never received the mailed process. While actual notice might not have been required, service was made by mail addressed to a temporary residence, not to the defendant/appellant's dwelling house or usual place of abode. Even if the Spring City trailer park was for a time the defendant/appellant's dwelling house or usual place of abode, the uncontroverted evidence in the record is that Mr. Pressley moved away from the trailer park before the commencement of the adversary proceeding; the Spring City location was neither a temporary

residence nor a dwelling house or usual place of abode of Mr. Pressley when this service by mail was attempted.

This conclusion does not challenge the holding in *Park Nursing Center, supra,* nor does it in retrospect, and under the unique facts of this case, place a difficult burden on the liquidating trustee. The SIBC records available to the liquidating trustee at the commencement of the adversary proceeding provided two addresses for Mr. Pressley. With minimal investigation, the liquidating trustee might have discovered which was the address of the defendant/appellant's permanent residence, and with a minimal investment of money and time, the liquidating trustee might have served process by first class mail addressed to both the Spring City and the Asheville addresses. Once the liquidating trustee sought to execute on his default judgment, it appears that he found Mr. Pressley readily, in North Carolina.

This conclusion with respect to the parties' first issue on appeal does not resolve the main issue presented in this case, for the ruling of the bankruptcy court below was that even if Mr. DuVoisin did not serve process on Mr. Pressley until the North Carolina bankruptcy court deemed him served, this service was timely because Mr. DuVoisin showed good cause under Fed.R.Civ.P. 4(j), as incorporated into the bankruptcy rule, for serving process on the defendant/appellant more than 120 days after the commencement of the adversary proceeding. This is the second issue on appeal framed by the parties. Much of the case law authority under former Fed.R.Civ.P. 4(j) and current Fed.R.Civ.P. 4(m) is of little assistance in addressing the issue, because service by first class mail is not permitted in civil actions in the district courts. Plaintiffs in the district courts, when they do not receive back waivers of service under Fed.R.Civ.P. 4(d) or certified mail return receipts in those States which permit service by certified mail (*see* Rule 4(e)(1)), have reason to know that they must resort to alternative methods of service of process. Mr. DuVoisin argues that he had no reason to know that the process which he mailed did not reach Mr. Pressley, and that he therefore had good cause to assume the effectiveness

of his initial attempt at service of process until he learned otherwise.

Before addressing this issue, the court must specify the standard of review applicable in this instance. The defendant/appellant argues for *de novo* review of this decision of the bankruptcy court below, relying on *Crysen/Montenay Energy Company v. E & C Trading Ltd. (In re Crysen/Montenay Energy Company),* 166 B.R. 546 (S.D.N.Y.1994). In *Crysen/Montenay Energy Company,* the district court engaged in a *de novo* review of the bankruptcy court's determination of the absence of good cause under Fed.R.Civ.P. 4(j) as incorporated into the bankruptcy rule, but without expressly holding the abuse of discretion standard inapplicable. Furthermore, *Crysen/Montenay Energy Company* is not authoritative case law in this judicial circuit.

■ An appeal to a district court from an order of a bankruptcy court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts...." 28 U.S.C. § 158(c)(2). In *Habib v. General Motors Corporation,* 15 F.3d 72 (6th Cir.1994), and *Friedman v. Estate of Presser,* 929 F.2d 1151 (6th Cir.1991), the Court of Appeals for the Sixth Circuit applied the abuse of discretion standard in reviewing good cause determinations under Fed.R.Civ.P. 4. There is no reason why appellate review of such a determination made by a bankruptcy court should be performed using a different standard. The issue is therefore whether Bankruptcy Judge Cook abused his discretion ·in determining that Mr. DuVoisin had shown good cause for not serving process on Mr. Pressley within 120 days after the commencement of the adversary proceeding out of which this appeal arises.

■ "An abuse of discretion exists only where the reviewing court is certain that a mistake was made." *Habib, supra,* 15 F.3d at 73 (citations omitted). An abuse of discretion may consist of error in applying the correct law to the issue presented. *Cf. Huff v. Metropolitan Life Insurance Company,* 675 F.2d 119, 123 n. 5 (6th Cir.1982) (citation omitted) ("[a]lthough the appropriate standard of review is generally whether an abuse

of discretion has occurred, when the lower court rejects an application under Rule 59(e) based upon an erroneous legal doctrine, our standard of review is the same as in other cases of legal error").

■ In this case, the bankruptcy court below based its decision concerning good cause under Fed.R.Civ.P. 4(j) as incorporated into the bankruptcy rule upon a finding that the liquidating trustee sent the initial process to the defendant/appellant's last known address, using the address shown on the second of the two investment certificates purchased by Mr. Pressley:

> THE COURT: Let me ask you this. Of course, the bankruptcy rule for service provides that service can be made by first class mail to the last known address of the defendant; correct?

> \* \* \* \* \* \*

> THE COURT: The Court believes that this issue is determined by Rule 7004(j), which provides that if a service of the summons and complaint is not made upon the defendant within a hundred and twenty days after the filing of the complaint, and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the course on (sic: court's own) initiative with notice to such party or upon motion.... The complaint and summons were served upon the defendant at the defendant's last known address as reflected in the second investment certificate obtained from SIBC.... Even though during the course of the case one or two documents may have come back from this address, that did not mean that the defendant was not at that address at the time the summons and complaint was issued in this case and mailed to the defendant. Accordingly, the Court finds that the plaintiff has demonstrated good cause why service was not made within the hundred-and-twenty-day period as contemplated by the rule.

Transcript of Hearing on Motion to Dismiss, *Thomas E. DuVoisin, Liquidating Trustee v. Onley Pressley and Mary Lou Arrington,* Bankr.E.D.Tenn., March 15, 1994 (case no. 83–00372; adv. proc. no. 85–0537) [R. 16 [4]], at 6, 16–18.

In this regard, the bankruptcy court below erred. Bankr.R. 7005, which concerns service of pleadings and other papers other than process, incorporates Fed.R.Civ.P. 5, which, in Rule 5(b), permits service on an attorney or unrepresented party "by mailing it to the attorney or party at the attorney's or party's last known address." The scope of Rule 5 as applied to pleadings is expressly limited in Rule 5(a) to "every pleading *subsequent to the original complaint.*" (Emphasis added.) Bankr.R. 7004(b)(1) concerning service of process refers not to the defendant's last known address, but to his or her "dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession."

Considering the due process ramifications of any rule governing service of process, the court cannot consider this distinction drawn by the drafters of these rules insignificant. The bankruptcy rule is drawn with specific language not found in Rule 5, to increase the likelihood that a defendant will actually be found by mail addressed to him or her and will receive actual notice that a civil action has been commenced against him or her. Once a civil action has been commenced and process served, a defendant is on notice of the need to protect his or her own interests and to defend himself or herself in the pending litigation. In light of this fact, Rule 5 allows much greater laxity with respect to service of pleadings and other papers on persons who have already been served with process.

Here, the bankruptcy court below erred in relying on the more lax standard of Fed. R.Civ.P. 5. For the reasons stated above, the bankruptcy court could not have found that the liquidating trustee served process on Mr. Pressley upon the commencement of the adversary proceeding in accordance with

**4.** "R." refers to the transcript of the record on appeal transmitted by the clerk of the bankruptcy court below to the clerk of this court, pursuant to

Bankr.R. 8007(b). The transcript of the hearing on the motion to dismiss is the 16th numbered document in this transcript of the record.

Rule 4(j) as incorporated into Bankr.R. 7004, because the Spring City trailer park was Mr. Pressley's temporary residence only, and was not his residence at all when the initial attempt at service was made. It follows that it was error to determine that the liquidating trustee showed good cause under Rule 4(j) on the basis of the trustee's assumption, when the mailed process was not returned, that it had been served on the defendant/appellant at his dwelling house or usual place of abode.

■ "Legislative history provides only one example where an extension for good cause is appropriate—when the defendant intentionally evades service of process." *Friedman v. Estate of Presser*, 929 F.2d at 1157 (citation omitted). *Accord, Sears, Roebuck & Co. v. Reeves (In re Reeves)*, 127 B.R. 866, 867–68 (Bankr.S.D.Cal.1991) (citation omitted). Inadvertent failure or half-hearted efforts to serve process on a defendant within the time allowed do not constitute good cause. *Friedman, supra*, 929 F.2d at 1157 (citations omitted). Diligence and reasonable efforts to serve process may demonstrate good cause under the rule. *Habib v. General Motors Corporation, supra*, 15 F.3d at 74 (citations omitted).

■ The specific Rule 4(j) standard of good cause is distinct from the Bankr.R. 9006(b)(1) standard of excusable neglect applicable to enlargements of time generally. For this reason, the decision in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), does not provide controlling guidance in this case. *McGinnis v. Shalala*, 2 F.3d 548, 550 n. 1 (5th Cir.1993), *cert. denied*, 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994). A showing of good cause under the rule must relate to the reasons why service of process was not made in a timely manner, not to other reasons why a civil action or adversary proceeding should not be dismissed. *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992) (citation omitted). "Good cause" does not mean merely that the defendant was not prejudiced by the late service of process. *Id.*

■ There is no evidence in this record of the diligence and reasonable efforts referred to in *Habib v. General Motors Corporation, supra*. The plaintiff/appellee liquidating trustee simply chose one of two addresses, served process by mail, and waited to obtain entry of the defendant/appellant's default. In this case, in which the first investment certificate purchased by Mr. Pressley was not much older than the second one, the liquidating trustee had an obligation to perform some investigation into whether the Asheville or the Spring City address was Mr. Pressley's dwelling house or usual place of abode, or at least to attempt service by mailing process to both addresses. Because the record discloses no such effort on the part of the liquidating trustee, the bankruptcy court below abused its discretion in determining that the trustee had shown good cause for not having served process on Mr. Pressley within 120 days after the commencement of the adversary proceeding.

*Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344 (5th Cir.1992), must be distinguished on its facts. In that case, the plaintiff believed that even though the defendant had not returned an acknowledgment of service, the attempted service in accordance with former Fed.R.Civ.P. 4(c)(2)(C)(ii) was effective service in accordance with the Louisiana long-arm statute, and therefore effective service in accordance with former Rule 4(c)(2)(C)(i). Both the district court and a summary panel of the Court of Appeals for the Fifth Circuit agreed, but the court of appeals then reversed in a published opinion, requiring the plaintiff to attempt service a second time. In the case at bar, the liquidating trustee never had an argument that if he did fail to mail process to the defendant/appellant at the latter's dwelling house or usual place of abode, he nevertheless served process on the defendant/appellant in accordance with another applicable rule.

■ Even if the bankruptcy court did not err in this regard, this court concludes that the bankruptcy court did abuse its discretion in holding in favor of the liquidating trustee, in light of another fact disclosed by the record, not touched upon by the bankruptcy

court below or by the parties on appeal. When Mr. DuVoisin first attempted to enforce his default judgment, in proceedings in the Buncombe County, Tennessee, Superior Court, he deposed Mr. Pressley, on September 4, 1991. During this deposition, Mr. Pressley testified at length about the nature of his temporary residence at the Spring City trailer park, that he left this temporary residence before the liquidating trustee's initial attempt at service of process, that he had not received any process in the adversary proceeding, and had no knowledge that the adversary proceeding was pending, and that he had maintained his permanent residence in Asheville, North Carolina, at the address shown on the other investment certificate purchased from SIBC, throughout the relevant time period. In spite of learning this information from this deposition, the liquidating trustee did not attempt again to serve process on Mr. Pressley, and did not move for additional time within which to do so. The record indicates that the liquidating trustee did nothing concerning service of process on Mr. Pressley from the date of this deposition in 1991 until the North Carolina bankruptcy court deemed Mr. Pressley to have been served in May 1993, a period of much more than 120 days. The liquidating trustee displayed no diligence during this time period, and it was clear error to determine that he had shown good cause in spite of this absence of effort.

▓▓▓ Fed.R.Civ.P. 4(j) as incorporated into Bankr.R. 7004 renders dismissal after expiration of the 120–day period without service of process mandatory, not discretionary, in the absence of a showing of good cause. *Moncrief v. Stone,* 961 F.2d 595, 597 (6th Cir.1992) (citation omitted). The court recognizes that its reversal of the bankruptcy court's determination in this case on appeal, even though dismissal of the adversary proceeding without prejudice is the result, might have the effect of terminating the litigation completely, given the applicable statute of limitations, 11 U.S.C. § 546(a)(1)(A). This is not, however, a legitimate reason to disregard the mandate of Rule 4(j). *Friedman v. Estate of Presser, supra,* 929 F.2d at 1158 (citations omitted).

For the reasons stated, the court will reverse the order of the bankruptcy court below denying the defendant/appellant's motion to dismiss. As is explained in this court's order filed on March 30, 1995, in this civil action [doc. 3] and in two related miscellaneous proceedings, this court withdrew the adversary proceeding out of which this appeal arises from the bankruptcy court for trial by jury, and stayed proceedings in the adversary proceeding pending the outcome of this appeal. Instead of remanding the case, the court will dismiss the adversary proceeding without prejudice, for the reasons stated in this memorandum opinion. Because the record in this case establishes that the defendant/appellant's codefendant in the adversary proceeding was also not served with process upon the commencement of the adversary proceeding, the court will dismiss the adversary proceeding in its entirety.